CHARLES EARLL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*conviction may be for lesser offense than named in indictment.* Where a higher and more atrocious crime embraces all the ingredients of a lesser offense, and where the evidence requires, the jury may convict of the latter upon an indictment for the former.

| | |
|---|---|
| 73 | 329 |
| 125 | 260 |
| 73 | 329 |
| 131 | 599 |
| 73 | 329 |
| 150 | 192 |
| 151 | 515 |
| 73 | 329 |
| 159 | 26 |
| 160 | 502 |
| 49a | 609 |
| 73 | 329 |
| 157 | 158 |
| 73 | 329 |
| 164 | 109 |
| 73 | 329 |
| 185 | 502 |
| 73 | 329 |
| 90a | 6367 |
| 73 | 329 |
| j113a | 3380 |

2. A defendant, indicted for murder under the statute declaring the causing of the death of a pregnant woman by an attempt to produce her miscarriage to be murder, may be convicted of manslaughter.

3. SAME—*reasonable doubt—what constitutes.* An instruction in a criminal case "that a reasonable doubt means, in law, a serious, substantial and well founded doubt, and not the mere possibility of a doubt, and the jury have no right to go outside of the evidence to search for or hunt up doubts (in order to acquit the defendant) not arising from the evidence or want of evidence," was held to announce the correct rule.

4. EVIDENCE—*an accomplice a competent witness.* An accomplice in a crime is a competent witness, and if the jury weighing the probability of his evidence think him worthy of belief, it is competent for them to convict upon his uncorroborated testimony, but the jury should receive such evidence with great caution.

5. INSTRUCTIONS—*need not be repeated.* It is not error to refuse an instruction, the substance of which is contained in one given, although the phraseology of the two instructions may be different.

6. BILL OF EXCEPTIONS—*when necessary.* Motions entered in a cause, and affidavits and other papers filed in support of the motion, and the decisions of the court thereon, and exceptions taken to decisions, in order to become a part of the record should be incorporated in a bill of exceptions, and thus preserved, otherwise the decision of the court will not be considered in the Supreme Court.

7. LAW AND FACT. The court should not, in an instruction, usurp the province of the jury, in determining the weight to be given to the evidence.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WM. W. FARWELL, Judge, presiding.

Mr. JOHN LYLE KING, and Mr. JOHN L. DORAN, for the plaintiff in error.

Mr. CHARLES H. REED, State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Charles Earll, the plaintiff in error, for the murder of Rosetta Jackson, death having been caused by means of a criminal abortion produced upon her. A trial was had in the Criminal Court of Cook county, before a jury, resulting in a verdict of guilty of manslaughter, and the term of defendant's imprisonment was fixed at one year in

the penitentiary. The court overruled a motion for a new trial, and rendered judgment upon the verdict. The defendant brought the record here by writ of error, and has assigned various errors to obtain a reversal of the judgment.

The first point relied upon by the plaintiff in error is, that the court erred in overruling a challenge to the array of jurors, for the reason the jury were not drawn or summoned in the manner provided by law.

The bill of exceptions contained in the record does not show that a challenge was interposed to the array, or any order or judgment of the court in regard thereto. It is true, the clerk of the criminal court has attached to the record a copy of a paper filed, which purports to be a written challenge to the array of jurors, signed by the attorneys of the defendant, and also a copy of an affidavit of the defendant, containing a statement of facts upon which the challenge was based; but these papers do not become a part of the record by the mere act of the clerk. *Saunders* v. *McCollins*, 4 Scam. 419.

Motions entered in a cause, and affidavits and other papers filed in support of the motion, and the decision of the court thereon, and exceptions taken, in order to become a part of the record should be incorporated in a bill of exceptions, and thus preserved in the record, otherwise the decision of the court will not be considered in the appellate court.

A challenge to the array of jurors necessarily involves the hearing of proof by the court, to determine whether it is well taken or not, and we are aware of no manner in which the evidence heard on the question or the action of the court can become a part of the record, unless made so by bill of exceptions.

A question, not unlike the one here, arose in the case of *Holmes* v. *The People*, 5 Gilm. 478, in which the court said, there is nothing in the record on which to base the assignment of error that the court erred in ordering a special jury to be summoned. For aught appearing to the contrary, the jurors who tried the prisoners were taken from the regular panel. The affidavit of the deputy sheriff is not properly a part of the

record.   It should have been introduced into the record by a bill of exceptions.

It is insisted that the plaintiff in error, having been indicted for murder, if not found guilty of that crime by the jury should have been acquitted—that as he was indicted for murder, the jury could not convict of manslaughter.

The statute under which this indictment was found, declares: " If any person shall, in the attempt to produce the miscarriage of a pregnant woman, thereby cause and produce the death of such woman, the person so offending shall be deemed guilty of murder, and shall be punished as the law requires for such offenses."

By the express provision of the statute, the crime for which the plaintiff in error was indicted is declared to be murder, and unless there is some provision in the law which will take the crime of murder, caused by an abortion, out of the application of the general rule which governs and controls the same crime produced in another manner, then the rules of law which apply to and govern ordinary cases of murder must be held to control the case at bar.   The act declares, the attempt to produce the miscarriage of a pregnant woman, which causes the death of such woman, shall be murder, and the penalty for the crime is the same as if murder had been committed in a different manner.   An indictment is required as in other cases. The trial is conducted, in all respects, as is required where a criminal is on trial for murder caused by killing in some other manner; and in the absence of a law prohibiting a verdict of manslaughter, we are aware of no reason why a verdict of that character may not be found by the jury as well in a case of this character as under any other indictment for murder.

The indictment upon which the plaintiff in error was tried being for murder, and the jury having returned a verdict of guilty of manslaughter, a brief reference to the authorities will fully sustain the finding of the jury.

In Chitty's Criminal Law, vol. 1, page 638, the rule is stated as follows: " And where the accusation includes an offense of inferior degree, the jury may discharge the defendant of the

higher crime and convict him of the less atrocious. Thus, upon an indictment for burglariously stealing, the prisoner may be convicted of the theft and acquitted of the nocturnal entry. Upon an indictment for murder he may be convicted of manslaughter."

In *Beckwith* v. *The People*, 26 Ill. 500, it was held, that on an indictment for an assault with an intent to commit murder, the jury could convict for an assault with a deadly weapon, with intent to inflict a bodily injury, as on the ground that where an indictment charges wrong acts, with certain aggravations constituting a high crime, the jury may convict the prisoner of a lesser crime, consisting of only a portion of those acts or with less aggravation.

In the case of *Prindeville* v. *The People*, 42 Ill. 220, the same question arose, and it was fully considered and the authorities reviewed. In deciding the point the court said: "From all the authorities, we are satisfied that the general rule is, that where a higher and more atrocious crime fully embraces all of the ingredients of a lesser offense, and where the evidence requires it, the jury may convict of the latter."

In the case of *Yoe* v. *The People*, 49 Ill. 410, this court said: "It has been often decided by this court, that a party indicted for murder may be found guilty of manslaughter, and one indicted for burglary may be convicted and punished for larceny."

In view of the authorities, we are fully satisfied the law is well settled, at least in this State, that the jury were authorized to find the plaintiff in error guilty of manslaughter.

The next point relied upon by the plaintiff in error is, the first and second instructions given for the people do not correctly state the law. They are as follows:

"1. The court instructs the jury that it is competent to convict upon the uncorroborated evidence of an accomplice, if the jury, weighing the probability of his testimony, think him worthy of belief.

"2. The court instructs the jury that a reasonable doubt

means, in law, a serious, substantial and well founded doubt, and not the mere possibility of a doubt, and the jury have no right to go outside of the evidence to search for or hunt up doubts (in order to acquit the defendant,) not arising from the evidence or want of evidence."

The first instruction was predicated upon the doctrine announced by this court in the case of *Gray* v. *The People,* 26 Ill. 344, where it was held that an accomplice is a competent witness, and that if the jury, weighing .the probability of his evidence, think him worthy of belief, a conviction supported by such testimony alone is legal.

The instruction was in harmony with the law as declared in that case, and we see no reason for departing from the principle there announced.

We perceive no objection to the second instruction. It is fully sustained by a former decision of this court, the case of *Kennedy* v. *The People,* 40 Ill. 488.

It is insisted that the court erred in refusing the first and second instructions of the defendant. The first is as follows:

"If the jury believe, from the evidence, and beyond all reasonable doubt, that Rosetta Jackson went to Dr. Earll's office in company with Miss Bullard, and retired to a private room for a few moments, and there was an opportunity to have had an operation performed to cause a miscarriage, yet, that fact is not, of itself, evidence to warrant the jury in finding that an abortion was then and there performed, because such fact of going there is consistent with innocence."

If the jury found the facts stated in the instruction to be true, then it was a question of fact for them to determine whether these facts were consistent with the innocence of the defendant, or whether they tended to establish his guilt.

The instruction was erroneous, for the reason that it usurped the province of the jury, and did not permit them to weigh the facts, and give them such consideration as they might be

entitled to on the question of the guilt or innocence of the defendant—for this reason the instruction was properly refused.

The second instruction was refused by the court for the reason that its substance was embraced in defendant's third instruction, which was given.

Upon a careful examination of the refused instruction, we are satisfied the court was right. While the phraseology of the two is different, the substance is the same, and the court was not required to repeat instructions.

Another point relied upon by the defendant is, it is charged that one of the jurors, during the progress of the trial, and while evidence was being introduced, had in his possession, and for a short time read, a copy of the " Chicago Times," which contained an account of the trial on the day previous.

A conclusive answer to the position taken is, the reading of the paper was done in the presence of the defendant and his counsel, and no objection was interposed. The defendant, by his silence, when it was his duty to object, has waived the irregularity.

The only remaining question to be considered is, whether the verdict is sustained by the evidence.

There can be no doubt in regard to the fact that the death of the deceased was caused by an abortion. If, then, the evidence was sufficient to justify the jury in the belief that the miscarriage of the deceased was produced by the plaintiff in error, then we can not disturb the verdict.

One witness testified that, two days before the deceased was taken sick, she visited the office of the defendant, and was in a private room with him for five minutes.

Wm. H. Flagg testified that the defendant told him he was treating the deceased; that he had attempted to produce an abortion; that the deceased was very healthy, and he had to operate on her twice; that the operations were performed in his office, in Chicago.

The record discloses evidence tending to implicate the witness, Flagg, in the crime, and to impeach his testimony. Under such circumstances, the jury ought to have received his

evidence with great caution, but, in law, he was a competent witness, and the jury were the judges of the credibility to be attached to his evidence. If the evidence of the witness was worthy of belief, and the jury gave credit to his statements, then there can be no doubt in regard to the guilt of the defendant.

The record, however, discloses other evidence which tends to establish the guilt of the defendant. Mrs. Heiland testified that the deceased died at her house; that the defendant was the physician who attended her during her illness; on one occasion the witness asked the defendant if he could do anything to relieve the deceased; he replied, " let nature take its course; if the girl did anything, let her get hold of a stove and lift it;" about two hours after this the deceased was confined.

In addition to this, upon the death of the deceased, the defendant gave a false certificate as to the cause of death.

The record contains other evidence, which it is not necessary to refer to. We are satisfied, from a careful examination of the whole evidence, that it was sufficient to justify the jury in returning a verdict that the defendant was guilty of the crime charged in the indictment.

The crime with which the defendant was charged, in magnitude, can not be regarded inferior to any known to our criminal code, and the jury, under the facts disclosed by the record before us, could not have acquitted without a total disregard of their oaths and the duty they owed to the people.

The judgment of the Criminal Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT dissents.

Mr. JUSTICE McALLISTER: I do not concur in the reasoning of the opinion of the majority of the court as to the ground of plaintiff in error, that there could be no conviction for manslaughter under this indictment. The conviction, if sustainable at all, can only be upon the 145th section of the Criminal

Code of 1874, defining involuntary manslaughter.   Under that section, I think it may be sustained, but, in my judgment, the general doctrine of the common law stated in the opinion of the majority of the court is inapplicable to the circumstances of the case.   In the decision of the case I concur.