SAMUEL VANNATTA

*v.*

JOHN W. BREWER *et al.*

FEES—*mileage in serving process.* Where an officer serves a subpœna for several witnesses residing at one place, on the same day, requiring one trip only, he may rightfully charge mileage from the place of holding court to the residence of each witness, and return, for each witness served. If he fails to make service, he can charge for no mileage, and if he has to travel beyond the residence of the witness, he can not charge except for the distance to his residence and return.

APPEAL from the Circuit Court of Vermilion county.

Messrs. EVANS & SWALLOW, for the appellant.

Messrs. MASON & CALHOUN, for the appellees.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a motion to re-tax costs. The question presented for decision involves the construction of the following clause of section 19, chapter 53, Rev. Stat. 1874: "Mileage, for each mile of necessary travel to serve any such writ or process as aforesaid, (a subpœna being one before named,) calculating

from the place of holding the court to the place of residence of the defendant or witness, five cents each way." And it is whether, when a subpœna for several witnesses residing at one place, say twenty-five miles from the place of holding court, is delivered to the sheriff, and is served by him in one day, on one trip, he is confined to the fifty miles of actually necessary travel to serve the same, or is allowed to charge for fifty miles' travel for each witness so served. We think the latter—that he may charge for each witness served, the number of miles named. We understand such to have been the uniform practice under similar provisions of the statute. Taking any one witness alone, by himself, the officer might properly return that as the necessary travel in serving him. It is insisted that in allowing to the word "necessary" its proper force and significance, "necessary travel" must mean the distance, only, which is indispensably traveled to serve the process; but the word "necessary" is not infrequently used in the law in a less restrictive sense than that of absolutely necessary.

Looking at the one instance by itself, here complained of, the fees may, at first blush, seem larger than they should be, and to embrace a charge for more than the necessary travel in serving the writ—the sheriff charging $80 mileage for subpœnas served by one deputy, in one day, on one trip; but the officer in this one instance happened to be fortunate, and find all the witnesses at one time and place, and was saved any other journey. In another case, he might have to make as many separate journeys as there are witnesses.

Again, officers frequently make fruitless journeys, and fail in effecting service, owing to the absence from their place of residence of defendants or witnesses, in which case no mileage is allowed; or they may have to travel a greater distance than to the place of residence to make service, but the charge may only be for the distance to place of residence.

Upon the whole, in the allowance of this practice of constructive mileage, which is here questioned, officers do not, perhaps, in view of all the travel they undergo in making service of writs and process, receive anything more for mileage than

the fair and reasonable compensation contemplated by the statute and given as for necessary travel.

The ruling of the circuit court was in accordance with the view here expressed, and the judgment is affirmed.

*Judgment affirmed.*