**UNITED STATES of America ex rel. Theodore BACON, Petitioner-Appellant,**

v.

**Richard DeROBERTIS, Respondent-Appellee.**

No. 82–2900.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 10, 1984.
Decided Feb. 17, 1984.

Michael B. Brohman, Jenner & Block, Chicago, Ill., for petitioner-appellant.

Marcia J. Friedl, Ill., Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before PELL, CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

Petitioner Theodore Bacon brought a two count petition for a writ of habeas corpus. Respondent Richard DeRobertis, Warden at Stateville Correctional Center in Joliet, Illinois, where Bacon is incarcerated, won summary judgment below on both counts. Judge Milton Shadur's memorandum opinions granting summary judgment appear at 546 F.Supp. 40 (N.D.Ill.1982) (Count I) and 551 F.Supp. 269 (N.D.Ill.1982) (Count II). Because we find no error in Judge Shadur's disposition of the case, we affirm.

In Count I, Bacon alleged that prosecutorial misconduct before the state grand jury which indicted him for murder rendered his conviction void. Before the grand jury, the prosecutor referred to the victim's death as a "murder." Also, the prosecutor failed to present the grand jury with evidence that Bacon claims was exculpatory. We join in Judge Shadur's assumption that "habeas review may be available to remedy due process violations committed in the course of state grand jury proceedings." 546 F.Supp. at 42. We agree with Judge Shadur, however, that, in the usual case, unless a conviction is tainted by the state prosecutor's misconduct before the grand jury, federal relief is not available.[1] Here, Bacon was convicted after a fair trial and thus any misconduct before the grand jury was remedied.

In Count II, Bacon claimed that his constitutional rights were violated by the state trial court's failure to give a lesser included offense instruction. Together with the following observations, we adopt Judge Shadur's opinion on Count II, 551 F.Supp. 269, as the opinion of this court. Judge Shadur, in ruling on Count II, did not have the benefit of our recent decision in *Nichols v. Gagnon,* 710 F.2d 1267, 1272 (7th Cir.1983), in which we adhered to the "fundamental miscarriage of justice" standard in reviewing the failure of a state court to instruct the jury on a lesser included offense. Judge Shadur correctly anticipated that we would adhere to that standard despite the Supreme Court's decision in *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1979). In any event, regardless of the proper standard of collateral review, we share Judge Shadur's doubts that Bacon was entitled to the lesser included offense instruction he sought. It is difficult to understand how evidence that the victim lost her balance after hitting Bacon, which was Bacon's testimony at trial, would necessarily support a verdict of *voluntary* manslaughter. Thus, we are not fully persuaded that any error of state law occurred, much less a fundamental miscarriage of justice. *See People v. Bacon,* 91 Ill.App.3d 673, 47 Ill.Dec. 673, 415 N.E.2d 678 (1980). Further, presumably a trial judge should give a requested jury instruction only if *credible* evidence in the record would support a verdict based on that instruction. We have some doubt that the written statement, which defendant denied making but which he now claims entitled him to a lesser

---

1. There may be situations in which constitutional violations in the state grand jury system are serious enough to warrant federal habeas corpus relief regardless of the effect of the violations on a subsequent trial. For example, in *Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), the Supreme Court held that a claim of discrimination in the selection of state grand jury members is cognizable in federal habeas corpus despite an intervening, constitutional conviction. The case before us, however, unlike the race discrimination alleged in *Rose v. Mitchell, supra,* does not raise claims which "strike at the fundamental values of our judicial system and our society as a whole...." *Id.* 443 U.S. at 556, 99 S.Ct. at 3000. Therefore, any grand jury misconduct was remedied by the subsequent conviction.

included offense instruction, is credible evidence.

Therefore, the denial of the writ of habeas corpus is affirmed.