THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN J. HAGE, Defendant-Appellant.

Third District    No. 3—95—0229

Opinion filed June 4, 1997.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, and John F. Klunk, of Lockport, for appellant.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

The defendant, Steven J. Hage, was convicted of two counts of burglary (720 ILCS 5/19—1 (West 1994)). He was sentenced to consecutive terms of 7 years' imprisonment on one count and an extended-term sentence of 10 years on the other count. On appeal, the defendant contends: (1) the police lacked probable cause to arrest him; (2) he received ineffective assistance of counsel; (3) the trial court erred in refusing to give an instruction on the lesser-included offense of theft; and (4) his sentence is excessive. We affirm.

On November 13, 1994, the defendant and his codefendant were arrested outside the Princeton Auto/Truck Plaza (Plaza). They were charged with burglarizing the Plaza on October 23 and 30, 1994, and stealing money from the video games in the Plaza's arcade room. Subsequently, the defendant moved to quash his arrest.

At the hearing on the defendant's motion, the investigating police officer testified that he had been notified on October 24, 1994, that someone had broken into the video games at the Plaza. Upon questioning the manager, the officer learned that the Plaza had several video surveillance cameras, one of which was trained on the arcade. The manager also informed the officer that a boy had reported seeing two men breaking into the machines the previous day.

Following his conversation with the manager, the officer viewed the previous day's videotapes. He focused his attention on the time period during which the boy had said he saw the theft. During this period of time, the tape shows two men entering the arcade. One man was wearing a baseball-style cap with the words "Kansas City" written on the back. The other was wearing a denim jacket with an elaborate design on the back. The pair were carrying a black bag.

One of them had a screwdriver. While the men were in the arcade, they stood in front of several of the machines. At times, their hands were not on the controls for the game but were near the location of the game's cashbox. They also stood for a time in one corner of the room where the manager later found the cashboxes from which the money had been stolen.

The officer testified that he was informed on October 31, 1994, that another theft had occurred at the Plaza. After that report, he viewed the surveillance tapes from October 30 and saw the same two men enter the arcade. Again, one of the men was wearing a Kansas City cap. This time, however, the denim jacket was worn by the same man who was wearing the cap. The officer observed that these two men were the only people to appear on both the tapes from October 23 and the tapes from October 30.

Finally, the officer testified that on the day of the defendant's arrest, the officer was at the Plaza watching the video surveillance of the arcade. He saw the defendant and the codefendant enter the room and recognized them as the men he had seen on the October 23 and 30 surveillance tapes. The defendant was wearing the Kansas City cap he had worn on the previous two occasions. The investigating officer watched the defendant and codefendant in the arcade for a short time. They appeared nervous and exited hastily from the room. He followed them and arrested them as they attempted to enter a car in the parking lot. The denim jacket worn in the surveillance tapes was found in the car.

Following this testimony, the trial court denied the defendant's motion to quash his arrest.

At his arraignment, the defendant expressed dissatisfaction with the representation he was receiving from his court-appointed attorney. The defendant stated that the attorney had urged him to plead guilty and that the defendant did not think that the attorney would adequately represent him if he elected not to plead guilty. The trial court told the defendant he was free to retain private counsel if he chose. The court further informed the defendant that if he merely sought a new public defender, the defendant would first have to prove a conflict of interest with the present attorney. The defendant did not thereafter obtain private counsel.

Four days before the trial was scheduled to begin, the defendant moved to continue the trial. His attorney claimed that the State had recently revealed the names of two boys who allegedly saw the defendant stealing from the video games at the Plaza. He claimed that he did not have sufficient time to interview these witnesses and prepare for trial. He also noted that the defendant had been in the custody of

the Illinois Department of Corrections until the previous week and argued that he had not had sufficient time to meet with the defendant.

The State responded to the defendant's motion by stating that it had no control over the defendant's incarceration and that the State itself had not yet had time to interview the child witnesses. The State requested that any continuance be short, perhaps only a week. The State then raised the defendant's previous wish to obtain new counsel and objected to any continuances to allow the defendant to hire a new lawyer.

The trial court noted that the court's calendar would not allow a one-week continuance and stated that it would have granted a short continuance if the calendar had been more flexible. The judge then noted that, in his opinion, the statements of the child witnesses were clear and this motion was "just another eve of trial motion, as many are, to obtain counsel or to change counsel." The court denied the defendant's motion.

At the conference on jury instructions, the defendant offered an instruction on theft as a lesser-included offense of burglary. The trial court, noting that the Illinois Supreme Court has ruled that theft is not a lesser-included offense of burglary, declined to give the instruction to the jury.

In imposing sentence, the trial court noted the defendant's lengthy record and the defendant's "occupation" as a burglar. The judge stated that a long sentence was necessary to deter others from future burglaries and to avoid deprecating the seriousness of the offense. Consequently, he imposed a 7-year sentence for the first burglary and an extended-term, 10-year sentence for the second. He also found that it was necessary to impose consecutive sentences in order to protect the public from further criminal activities by the defendant.

The defendant argues first on appeal that the police lacked probable cause to arrest him.

■ Probable cause to arrest exists when the facts known to the police would lead a reasonable man to believe that the defendant had committed a crime. *People v. Edwards*, 144 Ill. 2d 108, 579 N.E.2d 336 (1991). This determination must be based on the totality of the circumstances. *People v. Shelby*, 221 Ill. App. 3d 1028, 582 N.E.2d 1281 (1991). The trial court's findings on the issue of probable cause will not be reversed unless they are manifestly erroneous. *People v. Bolar*, 205 Ill. App. 3d 597, 563 N.E.2d 1225 (1990).

■ In the instant case, the investigating officer had seen two men, one wearing a baseball-style cap with the words "Kansas City"

printed on the back, involved in suspicious activity in the arcade at the Plaza on two separate occasions. The men carried a screwdriver and a black bag while they were in the arcade. Following each of these occasions, Plaza management discovered that the video games in the arcade had been robbed. Subsequently, the officer saw the same two men enter the arcade again, become nervous, and quickly exit. Based on these facts, a reasonable person could conclude that a crime had been committed and that the defendant had been the perpetrator. Therefore, we hold that the trial court's decision to deny the defendant's motion to quash his arrest was not manifestly erroneous.

Second, the defendant contends that he received ineffective assistance of counsel. He claims that a conflict of interest existed between himself and his attorney and that he should have been allowed an opportunity to retain private counsel.

■ A thorough discussion of conflicts of interest may be found in *People v. Spreitzer*, 123 Ill. 2d 1, 525 N.E.2d 30 (1988). According to *Spreitzer*, there are two kinds of conflicts. *Per se* conflicts arise when defense counsel has some tie to a person or entity that would benefit from a verdict unfavorable to the defendant. When the defendant can prove that a *per se* conflict exists, he need not show that the conflict affected his attorney's representation in order to obtain a reversal of his conviction. In contrast, an "actual" conflict of interest requires proof that the defendant suffered some prejudice. The defendant must show that the conflict affected the adequacy of his representation by counsel.

■ In the case at bar, the record does not reveal any connection between defendant's counsel and some person or entity that might benefit from the defendant's conviction. Thus, no *per se* conflict existed between the defendant and his attorney. Nor can the defendant point to any deficiencies in his attorney's representation. Indeed, the record demonstrates that his counsel conducted a vigorous defense of the defendant. Therefore, the defendant has failed to prove any prejudice as a result of any actual conflict of interest. Thus, we hold that the defendant was not denied effective assistance of counsel.

Third, the defendant contends that the trial court erred in refusing to instruct the jury on the lesser-included offense of theft.

■ A two-step analysis must be made in order to determine whether the trial court should instruct a jury on a lesser-included offense. Initially, the court must determine whether the second offense is really a lesser-included offense of the first. *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994). The court must examine the charging document to see if the main outline of the second offense is contained

in it. *Novak*, 163 Ill. 2d 93, 643 N.E.2d 762. If the second offense is a lesser-included offense, then the court must examine the evidence produced at trial and decide whether a jury could rationally find the defendant guilty of the lesser offense and not guilty of the greater offense. *People v. Jones*, 175 Ill. 2d 126 (1997).

The Fourth District Appellate Court recently addressed the issue of whether theft is a lesser-included offense of residential burglary when the charging instrument states that the defendant entered a home "with the intent to commit a theft therein." *People v. Hamilton*, 283 Ill. App. 3d 854, 856, 670 N.E.2d 1189 (1996). The court relied on *People v. Schmidt*, 126 Ill. 2d 179, 533 N.E.2d 898 (1988), for the proposition that, in general, theft is not a lesser-included offense of burglary. The court further held that the *Novak* "charging instrument" test had not been met because the offense of theft had not been "described" when the indictment merely stated that the defendant intended to "commit a theft."

■ In the case at bar, the defendant was charged with burglary because he entered the Plaza "with the intent to commit therein a theft." Following the rationale of *Hamilton*, we find that the offense of theft was not described in the indictment. Moreover, the *Schmidt* decision provides additional support for our conclusion that in this case theft was not a lesser-included offense. We hold, therefore, that the trial court properly rejected the defendant's tendered instruction on theft as a lesser-included offense of burglary.

Finally, the defendant maintains that his sentence is excessive. He argues that the trial court considered the same prior convictions in deciding both to give him an extended-term sentence and to make his sentences consecutive. The defendant claims that by doing so the trial court subjected him to an improper "double enhancement."

■ The trial court's sentencing decision is entitled to great deference and will not be reversed unless it is an abuse of discretion. *People v. Illgen*, 145 Ill. 2d 353, 583 N.E.2d 515 (1991). Double enhancement occurs when a factor already used to enhance an offense or penalty is reused to subject the defendant to a further enhanced offense or penalty. *People v. Thomas*, 171 Ill. 2d 207, 664 N.E.2d 76 (1996). It is not necessarily improper and may even have been intended by the legislature in some circumstances. *Thomas*, 171 Ill. 2d 207, 664 N.E.2d 76. The trial court may consider the defendant's prior criminal history in fashioning its sentence, even though that history makes the defendant eligible for an enhanced sentence. *Thomas*, 171 Ill. 2d 207, 664 N.E.2d 76.

In *People v. Davidson*, 128 Ill. App. 3d 282, 470 N.E.2d 609 (1984), the defendant claimed that the trial court had improperly considered

one prior conviction as the basis for imposing both an extended-term sentence and consecutive sentences. The appellate court found no error.

█ Here, the defendant was eligible for an extended-term sentence because he had previously been convicted of burglary in Effingham County. In addition, his history of prior crimes—burglaries and thefts in addition to the Effingham County conviction—warranted the trial judge's conclusion that consecutive sentences were necessary to protect the public from the defendant's future criminality. We hold, therefore, that the trial court did not engage in improper double enhancement and that the sentence imposed upon the defendant was not an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.