688 N.E.2d 1166 (1997)
179 Ill.2d 319
228 Ill.Dec. 189
The PEOPLE of the State of Illinois, Appellee,
v.
Antonio HAMILTON, Appellant.
No. 82148.
Supreme Court of Illinois.
December 18, 1997.
*1167 State Appellate Defender, Springfield, Martin J. Ryan, Assistant Appellate Defender, Springfield, for Antonio Hamilton.
Jim Ryan, Attorney General, Criminal Appeals Div., Chicago, State's Attorney, McLean County, Bloomington, State's Attorneys App. Pros., Springfield, Robert K. Villa, Assistant Attorney General, Chicago, for the People.
Justice NICKELS delivered the opinion of the court:
Following a jury trial in the circuit court of McLean County, defendant, Antonio Hamilton, was convicted of residential burglary (720 ILCS 5/19-3(a) (West 1994)) and sentenced to a prison term of 18 years. A divided appellate court affirmed (283 Ill. App.3d 854, 219 Ill.Dec. 301, 670 N.E.2d 1189), and this court granted defendant's petition for leave to appeal (166 Ill.2d R. 315(a)).
The evidence at trial revealed that at approximately 8:30 a.m. on January 29, 1994, Bob Williams was in the kitchen of his home *1168 drinking coffee and reading the newspaper. At the time, Bob's wife, Rita, was still asleep in the couple's bedroom adjacent to the dining room of the home. Bob's six-year-old son entered the kitchen and told his father that there was someone at the front door to see him. As Bob walked through the dining room towards the front door, he observed defendant coming out of the bedroom where Rita was sleeping.
Bob testified that defendant immediately said "something to the effect of, she owes me money or something like that." Bob yelled at defendant, grabbed him, and then pushed him towards the front door. As the two reached the front door, Bob noticed that defendant was concealing Rita's purse beneath his jacket. Bob attempted to take the purse and defendant tried to pull away from Bob's grasp. During the scuffle, defendant somehow slipped out of the jacket and escaped out the front door, still carrying Rita's purse.
Rita testified that she was awakened by the sounds of a scuffle and her husband yelling, "What are you doing here? You just don't walk into people's houses." Bob then yelled for Rita to call the police. As Rita was on the telephone talking to the police, she could see that defendant was standing in their backyard. Defendant then returned to the front door, placed the purse on the porch, and requested his jacket. Bob warned defendant that the police were on the way and then stepped out, picked up the purse, and threw defendant the jacket. Defendant walked to a car parked across the street and departed. Shortly thereafter, Rita discovered that her wallet was missing from the purse.
During the investigation into the incident, Bob identified defendant from a photo lineup as the assailant. Detective Richard Barkes testified that during an interview, defendant admitted that he went to the Williamses' residence and took a purse out of a bedroom. In a typewritten statement allowed into evidence, defendant claimed that he went to the home in search of a woman named Chrissy, who owed him money for drugs. Defendant asserted that he was let into the home and directed to the bedroom to find the woman. In the bedroom defendant found a purse, but before he could retrieve the money he was owed he was grabbed by Bob. Defendant claimed that when he noticed Rita was not the woman he was looking for, he returned the purse. However, defendant admitted taking a wallet from the purse and later dropping it into a mailbox.
Defendant did not present any evidence. At the jury instruction conference, defense counsel tendered instructions in the form of Illinois Pattern Jury Instructions, Criminal, No. 26.01Q (3d ed.1992) (theft as a lesser included offense of residential burglary) (hereinafter IPI Criminal 3d), IPI Criminal 3d No. 13.01 (definition of theft by unauthorized control), and IPI Criminal 3d No. 13.02 (issues in theft by unauthorized control). The circuit court initially accepted defendant's tendered instructions over the State's objection. However, after the State cited authority for the proposition that theft is not a lesser included offense of residential burglary, the circuit court reversed itself and denied all defendant's instructions. Subsequently, defendant was convicted of residential burglary, and, with one justice dissenting, the appellate court affirmed (283 Ill. App.3d 854, 219 Ill.Dec. 301, 670 N.E.2d 1189).
Before this court, defendant contends that he is entitled to a new trial because the circuit court erroneously refused his tendered instructions on the lesser included offense of theft (720 ILCS 5/16-1 (West Supp. 1995)). Defendant observes that the circuit court relied on People v. Schmidt, 126 Ill.2d 179, 127 Ill.Dec. 816, 533 N.E.2d 898 (1988), for its finding that theft is not a lesser included offense of residential burglary. Defendant argues that this was error because Schmidt did not utilize the charging instrument approach, adopted in People v. Novak, 163 Ill.2d 93, 205 Ill.Dec. 471, 643 N.E.2d 762 (1994), as the appropriate method to determine whether a lesser offense is included in the charged offense. Defendant further argues that, although the majority of the appellate court discussed Novak, it nevertheless applied the analysis incorrectly in affirming the circuit court. Defendant believes that a proper analysis leads to the conclusion that, *1169 as charged in this case, theft is a lesser included offense of residential burglary.
We note at the outset that the appellate court, after thoroughly addressing the jury instruction issue, determined that it was waived. Nevertheless, the waiver rule is a limitation on the parties, not a limitation on the jurisdiction of the courts. Herzog v. Lexington Township, 167 Ill.2d 288, 300, 212 Ill.Dec. 581, 657 N.E.2d 926 (1995). In the interest of preserving a sound and uniform body of precedent, we address the issue. Jackson Jordan, Inc. v. Leydig, Voit & Mayer, 158 Ill.2d 240, 251, 198 Ill.Dec. 786, 633 N.E.2d 627 (1994).
Generally, a defendant may not be convicted of an offense for which he has not been charged. Novak, 163 Ill.2d at 105, 205 Ill.Dec. 471, 643 N.E.2d 762. However, in an appropriate case, a defendant is entitled to have the jury instructed on a less serious offense if that offense is included in the charged offense. People v. Landwer, 166 Ill.2d 475, 485-86, 211 Ill.Dec. 465, 655 N.E.2d 848 (1995). The purpose of an instruction on a lesser offense is to provide "an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense." People v. Bryant, 113 Ill.2d 497, 502, 101 Ill.Dec. 825, 499 N.E.2d 413 (1986), citing Keeble v. United States, 412 U.S. 205, 212-13, 93 S.Ct. 1993, 1997-98, 36 L.Ed.2d 844, 850 (1973).
An included offense is an offense which "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." 720 ILCS 5/2-9(a) (West 1994). In determining whether a particular offense is included in a charged offense, this court has held that the proper approach is to examine both the charging instrument and the evidence adduced at trial. Landwer, 166 Ill.2d at 486, 211 Ill.Dec. 465, 655 N.E.2d 848. Under this charging instrument approach, an offense is identified as a lesser included offense if it is described by the charging instrument. People v. Jones, 175 Ill.2d 126, 135, 221 Ill.Dec. 843, 676 N.E.2d 646 (1997), citing Novak, 163 Ill.2d at 107, 205 Ill.Dec. 471, 643 N.E.2d 762.
Once a lesser included offense is identified, however, it does not automatically follow that the jury must be instructed on the lesser offense. Novak, 163 Ill.2d at 108, 205 Ill.Dec. 471, 643 N.E.2d 762. A defendant is entitled to a lesser included offense instruction only if an examination of the evidence reveals that it would permit a jury to rationally find the defendant guilty of the lesser offense yet acquit the defendant of the greater offense. Jones, 175 Ill.2d at 135, 221 Ill.Dec. 843, 676 N.E.2d 646; Landwer, 166 Ill.2d at 486, 211 Ill.Dec. 465, 655 N.E.2d 848.
Applying these principles to the instant case, we must first determine whether the charging instrument describes the included offense such that the included offense may be proved by the same facts or a less culpable mental state. Landwer, 166 Ill.2d at 486-87, 211 Ill.Dec. 465, 655 N.E.2d 848. The bill of indictment in this case alleged that defendant "committed the offense of Residential Burglary in that he knowingly without authority entered the dwelling place of Bob and Rita Williams with the intent to commit therein a theft, in violation of [section 19-3(a) of the Criminal Code of 1961]."
The offense of theft by unauthorized control is committed when a person knowingly "[o]btains or exerts unauthorized control over property of the owner" and "[i]ntends to deprive the owner permanently of the use or benefit of the property." 720 ILCS 5/16-1(a) (West Supp.1995); see also People v. Jones, 149 Ill.2d 288, 296, 172 Ill.Dec. 401, 595 N.E.2d 1071 (1992). By alleging in the indictment that defendant entered the Williamses' dwelling place with the intent to commit a theft, the charging instrument necessarily infers that defendant intended to obtain unauthorized control over and deprive another of property. This intent can typically be inferred, as it was in this case, only through showing an actual taking of property. Moreover, the indictment expressly charged the specific intent to commit theft, which has been deemed sufficient to satisfy *1170 the first step of the charging instrument approach. See People v. Dace, 104 Ill.2d 96, 102-03, 83 Ill.Dec. 573, 470 N.E.2d 993 (1984). Thus, the charging instrument in the instant case sufficiently identifies theft as a lesser included offense of the charged offense of residential burglary.
The majority of the appellate court in the instant case analyzed the charging instrument and concluded that it did not set out the broad foundation of theft because the indictment did not mention all the statutory elements of theft. However, to warrant instructions on a lesser offense under the charging instrument approach, it is not necessary for the charging instrument to expressly allege all the elements of the lesser offense. Bryant, 113 Ill.2d at 505, 101 Ill. Dec. 825, 499 N.E.2d 413. This court has readily found necessary statutory elements to be "implicitly" contained in a charging instrument. See, e.g., Jones, 149 Ill.2d at 296-98, 172 Ill.Dec. 401, 595 N.E.2d 1071; Bryant, 113 Ill.2d at 505-06, 101 Ill.Dec. 825, 499 N.E.2d 413. Moreover, to conclude that a lesser crime is an included offense, it need not be a theoretical or practical necessity of the greater crime. Novak, 163 Ill.2d at 107, 205 Ill.Dec. 471, 643 N.E.2d 762.
The appellate majority also rejected defendant's arguments which relied on People v. Dace, 104 Ill.2d 96, 83 Ill.Dec. 573, 470 N.E.2d 993 (1984). The appellate court, reasoning that the Dace decision was incompatible with this court's subsequent decision in People v. Schmidt, 126 Ill.2d 179, 127 Ill.Dec. 816, 533 N.E.2d 898 (1988), found that Dace had been implicitly overruled. We find the appellate court's reasoning flawed.
In Dace, two defendants in unrelated cases were charged with residential burglary with intent to commit a theft. In a consolidated appeal, this court examined the charging instruments and the evidence presented at trial and concluded that the trial court erred in refusing to instruct the jury on theft. This court stated:
"The proof of the offense charged requires proof of the specific intent (People v. Toolate (1984), 101 Ill.2d 301, 78 Ill.Dec. 153, 461 N.E.2d 987), and the evidence adduced in each case would support a conviction of theft (People v. Housby (1981), 84 Ill.2d 415, 50 Ill.Dec. 834, 420 N.E.2d 151). We hold that under these circumstances, where the information charged the specific intent to commit theft and the offense of theft was proved by the evidence, refusal to give defendant's tendered instructions was error." Dace, 104 Ill.2d at 103, 83 Ill.Dec. 573, 470 N.E.2d 993.
Although Dace does not refer to the charging instrument approach by name, the court nevertheless applied the same two-step analysis of the approach. This becomes evident when the Dace progeny is carefully examined. In Bryant, this court looked to Dace for guidance on the application of the charging instrument approach. See Bryant, 113 Ill.2d at 503-05, 101 Ill.Dec. 825, 499 N.E.2d 413. Subsequently, it was Bryant from which this court derived the "`broad foundation'" and "`main outline'" standards used to determine when a lesser offense is described by a charging instrument. See Novak, 163 Ill.2d at 107, 205 Ill.Dec. 471, 643 N.E.2d 762, quoting Bryant, 113 Ill.2d at 505, 101 Ill.Dec. 825, 499 N.E.2d 413.
It should not be surprising that this court utilized the charging instrument approach in Dace, even though that decision preceded Novak. Contrary to the observations of the appellate court and both parties, this court did not first adopt the charging instrument approach in Novak. Rather, in Novak we simply reaffirmed our preference for this approach (Novak, 163 Ill.2d at 110-12, 205 Ill.Dec. 471, 643 N.E.2d 762) and, in fact, observed that the charging instrument approach had long been recognized in Illinois (Novak, 163 Ill.2d at 112, 205 Ill.Dec. 471, 643 N.E.2d 762 (citing People v. Lewis, 375 Ill. 330, 334-36, 31 N.E.2d 795 (1940), People v. Gilday, 351 Ill. 11, 21-22, 183 N.E. 573 (1932), and Earll v. People, 73 Ill. 329, 332-33 (1874))).
In contrast with Dace, Schmidt simply stands for the proposition that where a defendant is charged with a single offense he cannot be convicted of an offense not charged unless it is a lesser included offense of the crime for which defendant is expressly charged. Schmidt, 126 Ill.2d at 183, 127 *1171 Ill.Dec. 816, 533 N.E.2d 898; see also Jones, 149 Ill.2d at 292, 172 Ill.Dec. 401, 595 N.E.2d 1071. The Dace decision does not differ with Schmidt on this proposition, as this court in Schmidt expressly recognized. Schmidt, 126 Ill.2d at 184-85, 127 Ill.Dec. 816, 533 N.E.2d 898.
We acknowledge that Schmidt stated that theft is not a lesser included offense of burglary. Schmidt, 126 Ill.2d at 183-84, 127 Ill.Dec. 816, 533 N.E.2d 898. However, in coming to this conclusion, the court merely cited to People v. Baker, 57 Ill.App.3d 401, 14 Ill.Dec. 427, 372 N.E.2d 438 (1978). A close reading of Baker, however, reveals that the court in that case applied the abstract elements approach in holding that theft was not a lesser included offense of burglary. Baker, 57 Ill.App.3d at 404-05, 14 Ill.Dec. 427, 372 N.E.2d 438. Because this court has since expressly rejected the harsh and mechanical abstract elements approach (Novak, 163 Ill.2d at 111-13, 205 Ill.Dec. 471, 643 N.E.2d 762), Schmidt, at least for this particular proposition, has been disavowed.
Although we conclude that the charging instrument in the instant case sufficiently identified theft as a lesser included offense of residential burglary, defendant is not necessarily entitled to a lesser included offense instruction (Novak, 163 Ill.2d at 108, 205 Ill.Dec. 471, 643 N.E.2d 762). In this case, defendant would be entitled to a lesser included offense instruction on theft only if the evidence presented at trial could rationally support a finding that defendant was guilty of theft but innocent of residential burglary. See Jones, 175 Ill.2d at 135, 221 Ill.Dec. 843, 676 N.E.2d 646; Landwer, 166 Ill.2d at 487-88, 211 Ill.Dec. 465, 655 N.E.2d 848.
The evidence presented in the instant case could lead a jury to rationally conclude that defendant came to the residence to collect a debt, was allowed into the home by the Williamses' six-year-old son, and while searching for the woman who owed him money found a purse and decided to take it. The State presented no direct evidence that defendant possessed the intent to commit a theft at the time he entered the dwelling place. Rather, as is common in burglary trials, the State presented circumstantial evidence of the requisite intent by establishing that defendant committed a theft once inside the dwelling place.
A lesser included offense instruction is proper only where the charged greater offense requires the jury to find a disputed factual element that is not required for conviction of the lesser included offense. Novak, 163 Ill.2d at 108, 205 Ill.Dec. 471, 643 N.E.2d 762. In this case, there existed the disputed factual element of whether defendant entered the dwelling place with the requisite intent. The jury could have rationally concluded that defendant did not formulate the intent to commit a theft until after he was inside the Williamses' home. Therefore, the evidence presented at trial could have rationally sustained a conviction for theft and an acquittal for residential burglary. Thus, we find the trial court erred in refusing to instruct the jury on the lesser included offense of theft and, accordingly, reverse and remand for a new trial.

CONCLUSION
For the reasons set forth herein, the appellate court judgment affirming defendant's conviction is reversed. The circuit court judgment is reversed. The cause is remanded to the circuit court of McLean County for a new trial.
Appellate court judgment reversed; circuit court judgment reversed; cause remanded.
Justice HARRISON, dissenting:
I agree with the appellate court that the circuit court did not err when it refused to give defendant's instruction on theft. Such an instruction would have been proper only if theft were a lesser included offense of residential burglary. Under the charging instrument approach followed in Illinois (People v. Novak, 163 Ill.2d 93, 112-13, 205 Ill.Dec. 471, 643 N.E.2d 762 (1994)), theft cannot be considered a lesser included offense of residential burglary as that crime was charged here.
To be considered a lesser included offense under the charging instrument approach, an offense must be described by the charging instrument. At a minimum, the instrument charging the greater offense must set out the *1172 main outline of the lesser offense. People v. Jones, 175 Ill.2d 126, 135, 221 Ill.Dec. 843, 676 N.E.2d 646 (1997). Contrary to my colleagues, I do not believe that requirement was met in this case.
For there to be theft by unauthorized control, a person must knowingly obtain or exert unauthorized control over property of the owner. 720 ILCS 5/16-1(a) (West Supp. 1995). This requirement goes to the very heart of the crime. As such, it is an indispensable part of any outline of the offense. In the case before us, however, nothing in the charging instrument alleged that defendant actually took anything that did not belong to him. The instrument alleged simply that defendant entered the Williamses' home knowingly and without authority with the intent to commit a theft.
The majority argues that a completed theft is implicit in and necessarily follows from the charge that defendant intended to commit a theft. That contention is valid if and only if intending to do something is the same as actually doing it. Common sense and everyday experience are ample proof that such is not the case.
My colleagues try to find support for their position in People v. Dace, 104 Ill.2d 96, 83 Ill.Dec. 573, 470 N.E.2d 993 (1984), but Dace is not dispositive of this appeal. Contrary to the majority's assertion, Dace did not apply or purport to apply the charging instruments approach which our court has now adopted. Indeed, that case failed to articulate any governing principle for its conclusion that the circuit court should have given an instruction on theft where the informations charged only residential burglary. Dace, 104 Ill.2d at 104, 83 Ill.Dec. 573, 470 N.E.2d 993 (Simon, J., dissenting). Moreover, four years after Dace our court specifically held that where the defendant was charged with residential burglary based on unauthorized entry with intent to commit theft, as defendant was here, he could not be convicted of theft because theft is not a lesser included offense of burglary. People v. Schmidt, 126 Ill.2d 179, 127 Ill.Dec. 816, 533 N.E.2d 898 (1988).
Following this court's discussion of the charging instrument approach in Novak, the appellate court held, as it did in this case, that where an indictment charges burglary based on entry of premises with the intent to commit a theft, theft is not a lesser included offense, and a defendant's tendered instruction on theft was therefore properly rejected by the circuit court. People v. Hage, 288 Ill.App.3d 1014, 1020, 225 Ill.Dec. 44, 682 N.E.2d 1121 (1997). I believe this view is the correct one and am unpersuaded by the majority's claims to the contrary. Accordingly, I dissent.