No. 2--95-1001

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE ) Appeal from the

ILLINOIS, ) Circuit Court of

) Lake County.

Plaintiff-Appellee, )

)

) No. 94--CF--1875

)

DOUGLAS MONROE, )

) Honorable

Defendant-Appellant. ) Charles F. Scott,

) Judge, Presiding.

JUSTICE RATHJE delivered the opinion of the court:

Following a jury trial, the defendant, Douglas Monroe, was convicted of burglary (720 ILCS 5/19--1(a) (West 1994)).  The court sentenced him to 11 years’ imprisonment.  On appeal, this court affirmed his conviction, rejecting his argument that the trial court should have instructed the jury on theft because it is a lesser included offense of burglary.

Following the filing of the opinion in this case, our supreme court issued its opinion in 
People v. Hamilton
, No. 82148 (Ill. December 18, 1997).  In 
Hamilton
, our supreme court reversed the decision of the appellate court and held that the indictment in that case sufficiently identified theft as a lesser included offense of residential burglary under the charging instrument approach.  
Hamilton
, slip op. at 4; see 
People v. Novak
, 163 Ill. 2d 93 (1994).  Because our decision in this case relied upon the appellate decision in 
Hamilton
, 283 Ill. App. 3d 854 (1996), we have ordered the original opinion in this case withdrawn and will consider this case anew based upon the supreme court’s decision in 
Hamilton
.

The charge against the defendant arose out of a break-in at the North Shore Academy in Highland Park.  The evidence at trial showed that the defendant and three other people, Russell Lezak, Josh Mirochnick, and Tim VanDerlinde, used a tire iron to break into the school and then broke into a pop machine inside the school, stealing the money from the machine’s coin box.  A mail scale was also stolen.

The participants in the incident gave varying accounts of what happened.  Lezak testified that they went to the school to “mess around,” which meant to walk around or “do whatever.”  The defendant used a tire iron to pry open the greenhouse door.  According to Lezak, the defendant also used the tire iron to break open the pop machine in the teachers’ lounge.  The defendant placed the money from the pop machine in Lezak’s pocket.

VanDerlinde testified that their reason for breaking into the school was to steal a cash box for donations for handicapped children.  After breaking in, they all looked for valuables to steal.  According to VanDerlinde, Lezak and he broke into the pop machine, and the defendant and Mirochnick were not there when they did it.

Mirochnick testified that the four of them intended to break into the school to steal a cash box.  The defendant and Lezak used a tire iron to pry open the greenhouse door.  When they got inside, the defendant started ransacking desks.  Mirochnick saw the defendant take a scale.  Lezak and VanDerlinde took money from the pop machine, but that was after Mirochnick and the defendant had gone back to the car.

At the jury instructions conference, the defendant tendered instructions on criminal trespass and theft.  The trial court denied those instructions, finding that criminal trespass and theft were not lesser included offenses of burglary.

On appeal, the defendant contends that he was entitled to a jury instruction on theft because it is a lesser included offense of burglary.

When a defendant is charged with a single offense, he can be convicted of an offense that was not charged only if it is a lesser included offense of the one charged.  
People v. Faircloth
, 234 Ill. App. 3d 386, 389 (1992).  An included offense is defined by statute as follows:

“ ‘Included offense’ means an offense which 

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or

(b) Consists of an attempt to commit the offense charged or an offense included therein.”  720 ILCS 5/2--9 (West 1994).

Our supreme court has determined that the “charging instrument” approach is to be used to identify lesser included offenses.  
Novak
, 163 Ill. 2d 93.  The charging instrument must set out the “main outline” of the offense, or the lesser offense must have a “broad foundation” in the charging instrument.  
Novak
, 163 Ill. 2d at 107.

In 
Hamilton
, the indictment charged, in pertinent part, that Hamilton “committed the offense of residential burglary in that he knowingly without authority entered the dwelling place of Bob and Rita Williams with the intent to commit therein a theft ***.”  Our supreme court stated as follows:

“The offense of theft by unauthorized control is committed when a person knowingly ‘[o]btains or exerts unauthorized control over property of the owner’ and ‘[i]ntends to deprive the owner permanently of the use or benefit of the property.’ [Citations.]  By alleging in the indictment that defendant entered the Williamses’ dwelling place with intent to commit a theft, the charging instrument necessarily infers that defendant intended to obtain unauthorized control over and deprive another of property.  This intent can typically be inferred, as it was in this case, only through showing an actual taking of property.  Moreover, the indictment expressly charged the specific intent to commit  theft, which has been deemed sufficient to satisfy the first step of the charging instrument approach. [Citation.] Thus the charging instrument in the instant case sufficiently identifies theft as a lesser included offense of the charged offense of residential burglary.”  
Hamilton
, slip op. at 4.

In the case before us, the indictment charged that the defendant “without authority, knowingly entered a building of the North Shore Academy, located at 760 Red Oak Lane, Highland Park, Illinois, with the intent to commit therein a theft.”  The pertinent parts of the indictment in this case are substantially the same as the indictment in 
Hamilton
, and therefore, in this case, theft was a lesser included offense of the charged offense of burglary.

This conclusion, however, does not end our inquiry.  The defendant here is entitled to a lesser included offense instruction only if the evidence presented at trial could rationally support a finding that the defendant was guilty of theft but innocent of burglary.  See 
Hamilton
, slip op. at 7.  A lesser included offense  instruction is proper only where the charged offense requires the jury to find a disputed factual element that is not required for conviction of the lesser included offense.  
Hamilton
, slip op. at 7; 
Novak
, 163 Ill. 2d at 108.

As in 
Hamilton
, there exists the disputed factual element of whether the defendant entered the school with the requisite intent.  Mirochnick and VanDerlinde both testified that the motive for breaking into the school was to steal a cash box.  Lezak, however, testified that originally the group had entered the building “to  mess around” and that there was no intention of taking anything “at first.”  The defendant did not testify.

Both the State and the defendant are entitled to appropriate instructions which present their theories of the case to the jury when the evidence supports such theories.  
People v. Lyda
, 190 Ill. App. 3d 540, 544 (1989).  It is well settled that where there is even slight evidence in the record which, if believed by a jury, would reduce the crime to a lesser included offense, an instruction defining the lesser included offense should be given.  
People v. Upton
, 230 Ill. App. 3d 365, 374 (1992).

The State argues that Lezak’s testimony is suspect because he gave a false exculpatory statement at the request of the defendant’s girlfriend and that, in any event, Lezak’s testimony that the group merely entered the school to “mess around” is incredible, given the effort they expended to enter the building.  However, a defendant is entitled to present his theory of defense even if the trial court believes that the evidence offered in support of that defense is inconsistent or of doubtful credibility.  
Lyda
, 190 Ill. App. 3d at 545.  Where such evidence exists, the trial court may not weigh the evidence in deciding whether an issue has been raised entitling the defendant to the instruction.  
Upton
, 230 Ill. App. 3d at 375; 
Lyda
, 190 Ill. App. 3d at 544.

We are aware that our supreme court noted in 
People v. Everette
, 141 Ill. 2d 147 (1990), that the Court of Appeals for the Seventh Circuit held that “a trial judge should give a requested jury instruction only if 
credible
 evidence in the record would support a verdict based upon that instruction.”  
Everette
, 141 Ill. 2d at 156, quoting 
United States ex rel. Bacon v. DeRobertis
, 551 F. Supp. 269 (N.D. Ill. 1982), 
aff’d
 728 F.2d 874, 875 (7
th
 Cir. 1984).  While the supreme court placed the emphasis on “credible,” the court went on to hold in 
Everette
 that “some evidence,” if believed by a jury, would support the giving of an instruction even where the defendant presents inconsistent defenses.  
Everette
, 141 Ill. 2d at 156-57.

Since there was some evidence which, if believed, would permit the jury in this case to find the defendant guilty of theft but not guilty of burglary, the failure of the trial court to instruct the jury on the lesser included offense of theft requires that the defendant receives a new trial (
Hamilton
, slip op. at 7).
 

The judgment of the circuit court is reversed, and the cause  is remanded for a new trial.

Reversed and remanded.

GEIGER, P. J., and THOMAS, J., concur.