THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY B. BLAKELY, Defendant-Appellant.

Fourth District   No. 4—03—0327

Opinion filed May 26, 2005.

Daniel D. Yuhas and Martin J. Ryan, both of State Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

On April 26, 2001, defendant, Anthony B. Blakely, pleaded guilty in case No. 00—CF—118 to one count of being a sex offender who failed to notify police of a change of address (730 ILCS 150/6 (West 2000)) and one count of domestic battery (720 ILCS 5/12—3.2(a) (West 2000)), and he pleaded guilty in case No. 00—CF—777 to obstructing justice (720 ILCS 5/31—4(a) (West 2000)). On June 1, 2001, the trial court sentenced defendant for both cases to consecutive prison terms of three years, a total of six years.

On August 8, 2001, the trial court denied defendant's motions to withdraw the guilty pleas and reconsider the sentences, and defendant appealed. This court initially remanded defendant's appeal because the record on appeal did not include a Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificate for one of the cases. *People v. Blakely*, No. 4—01—0710 (February 26, 2003) (unpublished summary order under Supreme Court Rule 23(c)(2)). At the remand hearing in March 2003, the trial court again denied defendant's motions to withdraw the guilty pleas and reconsider the sentences, finding that the requisite Rule 604(d) certificates had been filed with the circuit clerk in both cases, but one had been excluded from the appellate record. Defendant now appeals from the trial court's order and alleges the trial court erred in assessing twice the mileage costs incurred by the sheriff's office when it transported him from Colorado.

In June 2001, the trial court ordered defendant to pay $1,126 as costs in case No. 00—CF—118 and $1,201 as costs in case No. 00—CF—777. The costs in case No. 00—CF—118 include sheriff's fees of $1,200.70 with $144.70 paid as of sentencing. In case No. 00—CF—777, the sheriff's fees totaled $1,056 with no payments having been made. In the two arrest warrants, the return of services, both dated April 3, 2001, state an officer traveled 2,000 miles at 50 cents per mile. In each case, the court assessed a $1,000 sheriff's fee for the 2,000 miles traveled to arrest defendant.

■ Section 4—5001 of the Counties Code (55 ILCS 5/4—5001 (West 2000)) authorizes imposing, upon a defendant's conviction, sheriff's fees for the cost of returning a defendant from outside the State of Illinois to the jurisdiction. Such fees are calculated by mileage, "[m]ileage for each mile of necessary travel \*\*\*, calculating from the place of holding court to the place of residence of the defendant, \*\*\* 50 [cents] each way." 55 ILCS 5/4—5001 (West 2000). The section further states:

> "The foregoing fees allowed by this [s]ection are the maximum fees that may be collected from any officer, agency, department[,] or other instrumentality of the [s]tate. The county board may, however, by ordinance, increase the fees allowed by this [s]ection and collect those increased fees from all persons and entities other than officers, agencies, departments[,] and other instrumentalities of the [s]tate if the increase is justified by an acceptable cost study showing that the fees allowed by this [s]ection are not sufficient to cover the costs of providing the service." 55 ILCS 5/4—5001 (West 2000).

Defendant argues it was error for the trial court to order him to pay twice, $1,000 under each case, for the sheriff's one trip to Colorado to bring him back to Illinois. Defendant argues the language of section

4—5001 allows mileage reimbursement only for expenses actually incurred and requiring him to pay mileage twice for one trip gives McLean County an added windfall that is not authorized under the section. The State counters the costs were not improper based on *Vannatta v. Brewer*, 85 Ill. 114 (1877) (the court held sheriff's fees could be assessed upon each of several witnesses the sheriff served with a subpoena at the same residence).

The language of section 4—5001 contemplates reimbursing the county for costs actually incurred. Mileage is calculated based on "each mile of necessary travel." Further, the section explicitly states the fees allowed by this section "are the maximum fees that may be collected" and the county board may increase the fees "if the increase is justified by an acceptable cost study showing that the fees allowed *** are not sufficient to cover the costs of providing the service." 55 ILCS 5/4—5001 (West 2000). The language suggests the statute intends only to cover the costs of providing the service.

The 1877 *Vannatta* case is distinguishable. *Vannatta* was based on an earlier version of the statute that did not provide for fees where the officer failed in effecting service. *Vannatta*, 85 Ill. at 115 ("officers frequently make fruitless journeys, and fail in effecting service *** in which case no mileage is allowed"). The current statute allows for fees in "serving or attempting to serve" subpoenas. 55 ILCS 5/4—5001 (West 2000). In *Vannatta*, the court awarded the county multiple fees for the one trip in that case because the officers in other cases received no fees if they failed to effect service or received no fees over those necessary to get to a defendant or witness's residence, even if they had to travel farther than that residence to effect service. *Vannatta*, 85 Ill. at 115-16. Allowing officers to collect multiple fees for one trip balanced the losses incurred when the officers were not reimbursed for actual miles expended on attempts. The *Vannatta* decision further does not take into account the statutory language found in the current section that provides the section allows the "maximum fees that may be collected" and those fees may not be increased unless "justified by an acceptable cost study." 55 ILCS 5/4—5001 (West 2000).

■ Under the current version of section 4—5001, the county is entitled to be reimbursed for the actual mileage costs incurred. Requiring a defendant to pay the mileage twice for one trip simply because that defendant is wanted in two different cases in the same jurisdiction is not contemplated under the statute. Defendant's claimed error is, therefore, meritorious.

While defendant's claim has merit, defendant acknowledges that this error has not been properly preserved for appeal. Defendant requests this court review the issue under the plain-error rule (134 Ill.

2d R. 615(a)) or, in the alternative, asserts an ineffective-assistance-of-counsel claim due to his counsel's failure to object to the double fee. The State responds that this issue cannot be raised for the first time on appeal, citing *People v. Horn*, 64 Ill. App. 3d 717, 381 N.E.2d 790 (1978) (the court held the defendant could not, for the first time on appeal, raise the issue of whether the trial court erred in assessing him twice for sheriff's mileage when the defendant was served with subpoenas and warrants for both cases simultaneously). We note that "the waiver rule is a limitation on the parties, not a limitation on the jurisdiction of the courts." *People v. Hamilton*, 179 Ill. 2d 319, 323, 688 N.E.2d 1166, 1169 (1997). Therefore, in the interest of providing guidance in this issue, we hold that defendant should only be required to pay the actual costs incurred, $1,000.

For the reasons stated, we remand with directions to modify the order of judgment in a manner consistent with this opinion.

Remanded with instructions.

McCULLOUGH and KNECHT, JJ., concur.