THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RODGER W. BLOYER, Defendant-Appellant.

Second District   No. 2—89—0219

Opinion filed July 31, 1990.—Rehearing denied September 6, 1990.

G. Joseph Weller and Sherry R. Engelstad, both of State Appellate Defender's Office, of Elgin, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

After a bench trial conducted by the circuit court of Stephenson County, defendant, Rodger W. Bloyer, was found guilty of unlawful restraint (Ill. Rev. Stat. 1987, ch. 38, par. 10—3), aggravated unlawful restraint (Ill. Rev. Stat. 1987, ch. 38, par. 10—3.1), and armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2) predicated on the underlying felony of unlawful restraint. The court entered a judgment of conviction of armed violence only, finding merger of the other two offenses.

Defendant now appeals based on the Illinois Supreme Court's decision in *People v. Wisslead* (1983), 94 Ill. 2d 190, arguing that a conviction of armed violence predicated on unlawful restraint accomplished with the use of a category I weapon (Ill. Rev. Stat. 1987, ch. 38, pars. 33A—1(b), 33A—3(a)) violates Illinois' constitutional guarantee of proportional sentencing (Ill. Const. 1970, art. I, §11) because

more serious offenses are punished less severely. We affirm.

The charges at issue here arose from an incident which occurred on October 11, 1988. On that date, defendant, who was driving a vehicle, pulled over to the side of the road and approached the victim as she walked near the vehicle's front passenger door. Defendant then displayed a knife and forced the victim into the vehicle. Defendant told the victim that he wanted sex and began to unbutton her coat. At this point, the victim was able to escape.

After finding defendant guilty of the offenses charged, the trial court heard argument on whether and to what extent the offenses of unlawful restraint and aggravated unlawful restraint merged with armed violence. The State conceded that the unlawful restraint conviction merged into the aggravated unlawful restraint conviction; however, it was contested as to whether the conviction of aggravated unlawful restraint should similarly be merged into the conviction of armed violence. The State attempted to differentiate *Wisslead* from the instant case by noting that the weapon supporting the armed violence charge in *Wisslead* was a category I weapon (Ill. Rev. Stat. 1987, ch. 38, par. 33A—1(b)), while in this case defendant's conviction of armed violence was supported by his use of a "dangerous weapon" (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2). Defense counsel admitted that he had not read the *Wisslead* opinion. The trial court concluded that the two offenses did merge and entered judgment only on the charge of armed violence.

On appeal, defendant argues that *People v. Wisslead* conclusively establishes that a conviction of armed violence predicated on unlawful restraint violates the constitutional guarantee of proportional sentencing. The State now concedes that the distinction drawn below by the prosecutor between *Wisslead* and the instant case is illusory, because both cases involved the use of a category I weapon. A category I weapon is, by definition, a dangerous weapon. See Ill. Rev. Stat. 1987, ch. 38, par. 33A—1.

■■ ■ Defendant admits that the argument raised on appeal was not raised below. Normally, this would result in waiver of the argument on appeal. (*People v. Wade* (1989), 131 Ill. 2d 370, 375.) He argues, however, that we should review the contention under the doctrine of plain error or, alternatively, that we should examine whether trial counsel's failure to raise the issue constituted a violation of defendant's right to the effective assistance of counsel (U.S. Const., amend. VI). Before invoking the plain error exception to the waiver rule, it is appropriate to determine whether error occurred at all. (*Wade*, 131 Ill. 2d at 376.) We conclude that, because the legislature's

amendment of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 1—1 *et seq.*) has cured the constitutional infirmity noted in *Wisslead,* no error occurred below.

In *Wisslead,* the defendant, while armed with a revolver, detained his estranged wife without legal authority. (*Wisslead,* 94 Ill. 2d at 192.) In reaching its determination that the armed violence sentencing scheme violated the Illinois Constitution, the supreme court compared the aggravating effect of the use of a handgun in both kidnapping, a Class 2 felony (Ill. Rev. Stat. 1979, ch. 38, par. 10—1), and unlawful restraint, a less serious Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 10—3). The court noted that, although the legislature had determined that kidnapping was a more severe offense than unlawful restraint, the commission of a kidnapping with the use of a handgun would constitute only a Class 1 felony (aggravated kidnapping) (Ill. Rev. Stat. 1979, ch. 38, par. 10—2(a)(5)). The use of the very same weapon in the commission of an unlawful restraint, the court noted, would transform the crime into a more serious Class X felony (armed violence predicated on unlawful restraint) because there was no legislative provision at that time for aggravated unlawful restraint. (See *Wade,* 131 Ill. 2d at 379.) The court in *Wisslead* explained, "Since each offense is enhanced by the identical additional element, a gun, the lesser offense of unlawful restraint should not thereby become a graver offense than kidnaping. However, incongruously it does where aggravated kidnaping is charged." (*Wisslead,* 94 Ill. 2d at 195.) Thus, the court concluded that the statutory classification of the offenses was unconstitutionally disproportionate. *Wisslead,* 94 Ill. 2d at 194-96.

Subsequently, however, the General Assembly amended the Criminal Code of 1961 by adding the offense of aggravated unlawful restraint. (Ill. Rev. Stat. 1987, ch. 38, par. 10—3.1 (eff. Jan. 1, 1986).) No Illinois court has yet addressed the effect of this statutory change on the rationale of *Wisslead.* We believe that, as a result of this enactment, there is now a parallel and proportional structure between the various grades of unlawful restraint and kidnapping.

As a simple offense, unlawful restraint is a Class 4 felony, while kidnapping is a more serious Class 2 felony. If the use of a category I weapon is involved in the commission of the offense, a simple unlawful restraint may rise to the level of aggravated unlawful restraint, a Class 3 felony (Ill. Rev. Stat. 1987, ch. 38, par. 10—3.1), and a simple kidnapping may rise to the level of aggravated kidnapping, a more serious Class 1 felony (Ill. Rev. Stat. 1987, ch. 38, par. 10—2). At both the simple and aggravated levels, then, unlawful restraint is now pun-

ished as a less serious offense than is kidnapping. Thus, as a result of the legislative enactment, the penalties for the offenses are proportional, and the constitutional defect recognized in *Wisslead* has been cured.

It remains true that, as is the case with any felony, where *either* a simple kidnapping or a simple unlawful restraint is accomplished with the use of a dangerous weapon, the prosecutor retains the option of prosecuting the offender for armed violence based on the underlying simple felony. (*People v. Moritz* (1988), 173 Ill. App. 3d 498, 505-07.) Under such circumstances, the offense of armed violence is a Class X felony whether it is predicated on a simple unlawful restraint or a simple kidnapping. This, however, does not make the armed-violence statute unconstitutionally disproportional. The appellate court has explained:

> "By enacting the armed-violence statute [citation], the legislature has seen fit to treat with equal seriousness the commission of any felony while armed with a dangerous weapon [citation]. The armed-violence statute was designed to address the increasing use of weapons in the commission of other offenses. The underlying offense carries its own sentencing penalties prior to the application of the armed-violence statute; the armed-violence statute addresses only the connection of a weapon to the underlying offense. [Citation.] The rationale for the statute is that when a felony is committed, the presence of a weapon increases the likelihood that violence will erupt and great bodily harm will result. [Citation.] The relative classification of the underlying felony is immaterial." *People v. Barry* (1987), 152 Ill. App. 3d 915, 917.

Because of the recent legislative enactment making the underlying offenses of kidnapping and unlawful restraint proportional, we do not find that the armed-violence statute as applied to unlawful restraint is unconstitutional. Accordingly, the judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.