THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH R. MURPHY, Defendant-Appellant.

Second District    No. 2—92—1249

Opinion filed June 1, 1994.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

A jury found defendant, Kenneth R. Murphy, guilty of armed violence (Ill. Rev. Stat. 1991, ch. 38, par. 33A—2 (now 720 ILCS 5/33A—2 (West 1992))), aggravated unlawful restraint (Ill. Rev. Stat. 1991, ch. 38, par. 10—3.1(a) (now 720 ILCS 5/10—3.1(a) (West 1992))), unlawful possession of a firearm by a felon (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.1(a) (now 720 ILCS 5/24—1.1(a) (West 1992))), aggravated assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—2(a)(1) (now codified, as amended, at 720 ILCS 5/12—2(a)(1) (West 1992))), and unlawful violation of an order of protection (Ill. Rev. Stat. 1991, ch. 38, par. 12—30(a) (now 720 ILCS 5/12—30(a) (West 1992))). The court sentenced defendant to concurrent terms of imprisonment of seven years for armed violence, five years for aggravated unlawful restraint and the possession of a firearm, and one year for the remaining convictions. Defendant raises two issues for review: whether the penalties for aggravated unlawful restraint and armed violence are unconstitutionally disproportionate; and whether defendant was convicted of more than one offense arising out of the same conduct.

The essential facts underlying the offenses are as follows. Defendant's ex-wife, Lorre Murphy, brought their two children to defendant's home for visitation. She stayed in her car with the children because there was an order of protection against defendant and

she did not want to enter his apartment. Defendant picked up a sawed-off shotgun and loaded it before going out to the car. After playing with his daughter at the car for a few minutes, defendant got into the front seat of the vehicle and pointed the shotgun at Lorre. She screamed, which upset their older child. Defendant allowed Lorre to bring the child into the front seat to comfort her. He then told Lorre to drive to a park. She did as he said and parked the car there. Defendant continued to hold the gun, but he pointed it away from Lorre. Defendant asked her personal questions and talked about counselling. Finally, she agreed to go to counselling with him. At one point, he unloaded the gun and handed her the shells and the gun, but a few minutes later he took back the gun. Defendant insisted on spending the night with her so that she would not go to the police. She agreed but asked that he get rid of the gun first. When defendant got out of the car at his apartment to put away the gun, Lorre drove to the police department. The entire incident lasted about two hours.

Before the trial, defendant moved to dismiss the armed violence charge on the basis that it violated the proportionate penalties guarantee of the Illinois Constitution. The court denied the motion. Defendant preserved the issue in the post-trial motion, which was also denied. Following sentencing, defendant timely appealed.

■ Defendant contends that the court erred in failing to dismiss the armed violence charge because the offense of armed violence, predicated on unlawful restraint, is unconstitutionally disproportionate under article I, sections 2 and 11, of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 11). Under these sections, the penalty imposed must be proportionate to the seriousness of the offense.

Defendant argues that armed violence predicated on unlawful restraint is disproportionate to the identical offense of aggravated unlawful restraint. "A person commits the offense of aggravated unlawful restraint when he knowingly without legal authority detains another while using a deadly weapon." (720 ILCS 5/10—3.1(a) (West 1992).) Aggravated unlawful restraint is a Class 3 felony. (720 ILCS 5/10—3.1(b) (West 1992).) "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (720 ILCS 5/33A—2 (West 1992).) Defendant was charged with armed violence by committing unlawful restraint while armed with a category I dangerous weapon (720 ILCS 5/33A—1(b) (West 1992)), which is a Class X felony (720 ILCS 5/33A—3(a) (West 1992)).

In *People v. Bloyer* (1990), 200 Ill. App. 3d 872, this court rejected the same argument defendant advances here. The defendant in *Bloyer*

premised his contention on the supreme court's opinion in *People v. Wisslead* (1983), 94 Ill. 2d 190, where the court held that a conviction of armed violence predicated on unlawful restraint violated the proportionate penalties guarantee because a less serious offense, unlawful restraint committed with a dangerous weapon, would be punished more severely than a more serious offense, aggravated kidnapping, a Class 1 felony (see 720 ILCS 5/10—2 (West 1992)). (*Wisslead*, 94 Ill. 2d at 196.) The court emphasized that the use of a gun would change a kidnapping to an aggravated kidnapping, but the use of a gun would elevate an unlawful restraint to armed violence. 94 Ill. 2d at 195.

After *Wisslead*, the legislature added the offense of aggravated unlawful restraint. The *Bloyer* court concluded that the amendment cured the constitutional infirmity in the statutory scheme because the use of a weapon would cause the offense of unlawful restraint to rise to a Class 3 felony, whereas the use of a weapon would cause the offense of kidnapping to rise to a Class 1 felony. (*Bloyer*, 200 Ill. App. 3d at 874.) *Bloyer* recognized that a prosecutor could exercise discretion in determining whether to charge aggravated unlawful restraint or armed violence and, based on *People v. Moritz* (1988), 173 Ill. App. 3d 498, it assumed that armed violence could be predicated on kidnapping. *Bloyer*, 200 Ill. App. 3d at 875.

Several months after we released our opinion in *Bloyer*, the supreme court decided *People v. Christy* (1990), 139 Ill. 2d 172. The defendant in that case was convicted of armed violence predicated on his commission of kidnapping while armed with a category I weapon, a knife with a blade in excess of three inches. *Christy* addressed whether the statutory penalties for aggravated kidnapping and armed violence were constitutionally disproportionate. The court noted that aggravated kidnapping is defined as the commission of kidnapping while armed with a dangerous weapon. (See 720 ILCS 5/10—2(a)(5) (West 1992).) Thus, under the statutory scheme, a person cannot commit aggravated kidnapping without also committing armed violence. The court declined to follow *Moritz*, which reasoned that the penalties for aggravated kidnapping and armed violence predicated on kidnapping were constitutionally proportionate because the ability to choose between them is a matter of prosecutorial discretion. (See *Moritz*, 173 Ill. App. 3d at 505-06.) *Christy* rejected that reasoning because prosecutorial discretion would "effectively nullify the aggravated kidnapping statute, as skilled State's Attorneys will usually seek the more severe sentence and, therefore, charge defendants with armed violence rather than aggravated kidnapping." (*Christy*, 139 Ill. 2d at 180.) The court ruled that it was

disproportionate for the same act to be subject to different punishments. It therefore held that the penalties for aggravated kidnapping and armed violence are unconstitutionally disproportionate. 139 Ill. 2d at 181.

Defendant argues that the principles of *Christy* should apply to the present cause. The State responds that *Christy* is inapposite because, unlike aggravated kidnapping, aggravated unlawful restraint does not require the use of a "dangerous weapon" as defined in the armed violence statute. (Compare 720 ILCS 5/10—2(a)(5) with 5/10—3.1(a) (West 1992).) We agree with the State because a person can commit aggravated unlawful restraint by using a "deadly" weapon, rather than a "dangerous weapon," and not simultaneously commit armed violence. Thus, allowing unlawful restraint to be used as the predicate offense for armed violence does not nullify the aggravated unlawful restraint statute, and the rationale of *Christy* does not apply.

However, our analysis does not end here. As noted above, *Bloyer*'s holding was premised on the reasoning of *Moritz* that kidnapping could be a predicate offense for armed violence. The supreme court's holding in *Christy* calls into question this court's holding in *Bloyer* that the addition of the offense of aggravated unlawful restraint solved the problem set forth in *Wisslead*. We conclude that, in light of *Christy*, the statutory infirmity identified in *Wisslead* remains: the offense of armed violence predicated on unlawful restraint is unconstitutionally disproportionate to aggravated kidnapping. We therefore hold that armed violence cannot be predicated on unlawful restraint and, thus, defendant's conviction of armed violence must be vacated. Although defendant asserts that the cause should be remanded for resentencing, remand is unnecessary because there is nothing in the record to indicate that the armed violence conviction influenced the other sentences. See *People v. Bourke* (1983), 96 Ill. 2d 327, 332; *People v. Burke* (1987), 164 Ill. App. 3d 468, 474.

■ Defendant next contends that his conviction of aggravated assault should be vacated under the "one-act-one-crime" rule. A defendant cannot be convicted of and sentenced for multiple offenses arising from the same physical act. (*People v. King* (1977), 66 Ill. 2d 551, 565-66.) However, if the physical acts are distinct, multiple convictions are proper. (*People v. Segara* (1988), 126 Ill. 2d 70, 77.) In determining whether the defendant's conduct constitutes a single physical act, courts consider: (1) the prosecutorial intent, as reflected in the language of the charging instrument; (2) the existence of an intervening act; (3) a time interval between successive parts of the defendant's conduct; (4) the similarity of the acts; and (5) the location of the acts. *People v. Guzman* (1990), 208 Ill. App. 3d 525, 535.

The information alleged that defendant committed aggravated unlawful restraint by "knowingly detain[ing] Lorrie [*sic*] Murphy in that he held her against her will at gunpoint." The aggravated assault count charged that defendant "knowingly pointed a gun, at Lorrie [*sic*] Murphy, thereby placing Lorrie [*sic*] Murphy in reasonable apprehension of receiving a battery." Defendant argues that both offenses are based on the same physical act: pointing a gun at Lorre, which placed her in reasonable apprehension of receiving a battery and coerced her to remain in the car against her will.

The State responds that there were two separate acts: defendant pointed the sawed-off shotgun at Lorre, thereby committing aggravated assault; he then allowed her to comfort their daughter before he ordered her to drive to the park, commencing the aggravated unlawful restraint. We disagree with the State's interpretation of the facts. The aggravated unlawful restraint was a continuing offense which began when defendant pointed the gun at Lorre, thereby preventing her from leaving the car. Defendant's act of allowing Lorre to comfort their daughter did not end the restraint on Lorre's freedom. Based on the language of the charging instrument and the facts, we agree with defendant that both offenses were predicated on the same physical act. We therefore vacate the conviction of aggravated assault.

■ Finally, defendant points out that he was sentenced to 365 days in the county jail for his misdemeanor conviction of the violation of an order of protection. (See Ill. Rev. Stat. 1991, ch. 38, par. 12—30(d) (now 720 ILCS 5/12—30(d) (West 1992)).) As defendant correctly notes, the maximum jail term for a Class A misdemeanor is 364 days. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—3(a)(1) (now 730 ILCS 5/5—8—3(a)(1) (West 1992)).) We therefore reduce his sentence for this offense to 364 days in the county jail. See 134 Ill. 2d R. 615(b)(4).

The judgment of the circuit court is affirmed in part as modified and vacated in part.

Affirmed in part as modified; vacated in part.

INGLIS, P.J., and QUETSCH, J., concur.