THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL W. BUSSAN, Defendant-Appellant.

Second District    No. 2—98—0908

Opinion filed August 11, 1999.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:
Following a bench trial, defendant, Michael W. Bussan, was

convicted of burglary (720 ILCS 5/19—1(a) (West 1996)) and theft (720 ILCS 5/16—1(a)(1)(A) (West 1996)). The trial court imposed concurrent prison terms of 6 years for burglary and 364 days for theft. On appeal, defendant argues that his theft conviction violates the "one-act, one-crime" rule and must be vacated. Defendant also contends that he is entitled to 121 days' credit for time served in presentence custody. We affirm defendant's burglary conviction and sentence therefor and vacate his theft conviction and sentence therefor. We also modify the trial court's sentencing order to reflect that defendant spent 121 days in presentence custody.

Defendant was charged with burglary after he allegedly "without authority, knowingly entered a building of Jo Giannini, doing business as Video Villa, *** with the intent to commit therein a theft."

Defendant was also charged with theft because he allegedly "knowingly exerted unauthorized control over property of Video Villa ***, being thirty (30) video games, having a total value in excess of $300.00, intending to deprive Video Villa permanently of the use of the property."

Jo Giannini testified that on May 1, 1997, an alarm service notified her that the Video Villa store alarms had been activated and that the police had been alerted. When she arrived at her store, Giannini discovered that a window had been broken and that about 21 video games had been taken. She did not know the fair market value of the stolen games.

Paul Slezak testified that at the time of the burglary, he was living with defendant and defendant's brother in the Green Trail Apartments, which were located about 200 feet from the Video Villa store. Defendant devised a plan with Slezak and Christopher Barszcz to burglarize the video store. Defendant directed Slezak to enter the store through a particular window so that he would not activate the store's motion detectors. Defendant also told Slezak that he would use a two-way radio to notify him if the police arrived during the burglary. Defendant's balcony offered a view of the store. Slezak and Barszcz went to the store, Slezak broke a window, and the two ran back to the apartment. Defendant's brother told them to return to the store and take the video games. While defendant waited in the apartment, Slezak and Barszcz returned to the store and took the video games.

Detective David Anderson of the Lisle police department testified that defendant told him about his involvement in the burglary. Defendant told Anderson that he created a diversion during the burglary by providing the Lisle police with a false report of gang violence in another part of town.

On March 6, 1998, the trial court found defendant guilty on an ac-

countability theory, and the court revoked his bond. On June 12, 1998, defendant was sentenced for burglary and misdemeanor theft, and this appeal followed.

On appeal, defendant contends that his theft conviction and sentence should be vacated because theft is a lesser included offense of burglary. Defendant argues that his theft and burglary convictions violate the "one-act, one-crime" rule. We agree.

■ Initially, we note that defendant has waived his challenge to the theft conviction because he failed to raise the issue at trial and in a written posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, the waiver rule is binding on the parties but not on this court. See *People v. Hamilton*, 179 Ill. 2d 319, 323 (1997). We choose to review the issue because defendant was not a principal in the commission of the offense. See *People v. Lee*, 247 Ill. App. 3d 505, 511 (1993).

■ According to the one-act, one-crime rule, more than one offense may not be carved from the same physical act. However, multiple convictions and concurrent sentences are permitted where a defendant has committed several acts, despite the interrelationship of those acts. *People v. McLaurin*, 184 Ill. 2d 58, 105 (1998).

■ In determining whether a defendant's conduct constitutes a single physical act for purposes of the one-act, one-crime rule, this court has considered: (1) the prosecutorial intent, as reflected in the charging instrument; (2) the existence of an intervening act; (3) a time interval between successive parts of the defendant's conduct; (4) the similarity of the acts; and (5) the location of the acts. See *People v. Murphy*, 261 Ill. App. 3d 1019, 1023 (1994).

■ However, the supreme court has recently voiced its preference for the "charging instrument" approach for identifying lesser included offenses. *McLaurin*, 184 Ill. 2d at 104. Under the charging instrument approach, an offense is a lesser included offense if it is described by the charging instrument of the greater offense. *McLaurin*, 184 Ill. 2d at 104. When a defendant is convicted of multiple offenses arising out of a single act, the sentence must be imposed on the most serious offense. *McLaurin*, 184 Ill. 2d at 104.

■ In this case, theft is a lesser included offense of burglary because the indictment charging burglary set out the "main outline" of theft. See *Hamilton*, 179 Ill. 2d at 326. By alleging that defendant entered the video store with the intent to commit a theft, the charging instrument necessarily implies that defendant intended to obtain unauthorized control over and deprive another of the property. See *Hamilton*, 179 Ill. 2d at 325. In this case, the trial court could infer defendant's intent from evidence of the actual taking of property. Al-

though the burglary charge did not allege that defendant exerted control over the video games with the intent to deprive Giannini of their use, the charging instrument need not expressly allege all the elements of the lesser offense. See *Hamilton*, 179 Ill. 2d at 325. Theft was sufficiently alleged in the burglary charge to be a lesser included offense.

Furthermore, we are unpersuaded by the State's attempt to distinguish this case from *Hamilton*. The issue in *Hamilton* was whether the defendant was entitled to a jury instruction that would allow the jury to convict him of theft (720 ILCS 5/16—1(a)(1)(A) (West 1994)) but acquit him of residential burglary (720 ILCS 5/19—3(a) (West 1994)). Although the issue here is whether the one-act, one-crime rule permits multiple convictions, the supreme court has used the charging instrument approach to identify lesser included offenses in both jury instruction cases (*Hamilton*, 179 Ill. 2d at 324) and one-act, one-crime cases (*McLaurin*, 184 Ill. 2d at 104). We, therefore, affirm defendant's burglary conviction and vacate his theft conviction and sentence because theft is a lesser included offense of burglary. See *Hamilton*, 179 Ill. 2d at 327.

■ Finally, the State concedes that defendant was arrested on September 2, 1997, and placed on bond on September 23, 1997. However, the trial court credited defendant only for time served from March 6, 1998, when he was convicted, to June 12, 1998, when he was sentenced.

Pursuant to section 5—8—7(b) of the Unified Code of Corrections, defendant is entitled to credit for any part of any day he spends in custody. 730 ILCS 5/5—8—7(b) (West 1996). Because the record reveals that defendant is entitled to 121 days' credit for time served in presentence custody, we may modify the trial court's sentencing order without a remand. See 134 Ill. 2d R. 615(b)(1); see also *People v. Fomond*, 273 Ill. App. 3d 1053, 1068-69 (1995). Therefore, we modify defendant's sentencing order to reflect that he is entitled to 121 days' credit rather than 99 days' credit for time served.

For these reasons, the order of the Du Page County circuit court is affirmed in part as modified and vacated in part.

Affirmed in part as modified and vacated in part.

INGLIS and McLAREN, JJ., concur.