No. 2--05--0569          Filed: 6-27-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | No. 03--CF--1877 |
| LAMONT G. THOMAS, | ) ) | Honorable Donald C. Hudson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

In September 2004, a jury found defendant, Lamont G. Thomas, guilty of burglary (720 ILCS 5/19--1(a) (West 2002)) and theft of property valued in excess of $300 (720 ILCS 5/16--1(a)(1) (West 2002)). The trial court sentenced defendant to 15 years' imprisonment for the burglary conviction and a concurrent term of 4 years' imprisonment for the theft conviction. Defendant appeals, contending that (1) the trial court committed reversible error when it denied his request to instruct the jury on the offense of criminal trespass to real property, after determining that the offense was not a lesser-included offense of burglary; (2) his conviction of theft should be vacated because theft is a lesser-included offense of burglary; and (3) the State failed to prove beyond a reasonable doubt that the value of the property exceeded $300. We affirm in part and vacate in part.

On September 11, 2003, defendant was indicted for the offenses of burglary and theft of property having a value in excess of $300. Specifically, the burglary indictment alleged that "defendant, knowingly and without authority entered a building belonging to the City of Aurora, with the intent to commit therein a theft." The indictment for theft alleged that "defendant, knowingly exerted or obtained unauthorized control over property of the City of Aurora, being batteries and cameras, having a total value exceeding $300.00 but not exceeding $10,000.00, intending to deprive the owner permanently of the use or benefit of the property."

The trial court conducted a jury trial on September 13, 2004. The State presented evidence reflecting that the office of property standards for the City of Aurora was located on the first floor of the building at 1 South Broadway in Aurora. A portion of the office was accessible to the public, and the remainder was limited to employees. A door separated the two portions of the office. The State's evidence reflected that on September 10, 2003, at approximately 3:15 p.m., defendant was observed in the portion of the office reserved for employees and again in the restroom, also reserved for employees. No one had given defendant permission to use the restroom. Defendant was asked to leave the building, and he did. Defendant was later observed leaving the building again, holding a "dark colored plastic trash liner," which "had some volume to it."

Shortly thereafter, office workers noticed an employee's wallet on a counter area, and police were called to investigate a possible theft. The police apprehended an individual approximately 1½ blocks from the office; the individual was identified as defendant. Approximately 40 to 50 feet from where defendant was apprehended, police discovered a trash bag containing items from the office, including two digital cameras, batteries, a Palm Pilot, a zip drive, and a radio. The City of Aurora claimed ownership of the cameras and the batteries. The State's evidence reflected that the cameras

were purchased in February 2001 for $379.95 each. The State also introduced into evidence a certified copy of defendant's March 2002 conviction of theft.

Defendant's testimony reflected that he was at the office of property standards to help a friend whose house had been struck by a vehicle. When he arrived, he had a white bag the size of a lunch bag and a pair of sunglasses, which he left on the first floor. He went to the third floor of the building, and then he went back to the first floor. Defendant asked a "Latino gentleman" where the restrooms were located, and the person directed defendant inside the first-floor office and held the door for him. Defendant went into the restroom, where he observed a wet garbage bag on the floor. An office worker escorted defendant out the back door.

Defendant's testimony further reflected that he told the office worker he had left his bag inside the building. Defendant and the office worker returned to the office, where defendant noticed his bag and sunglasses. Defendant retrieved these items and left the building. The office worker then approached defendant outside and offered him the garbage bag that had been on the bathroom floor. The office worker handed the bag to defendant; defendant took the bag and threw it into the trash. Defendant then went to the fire department for help to repair his friend's house. Defendant was arrested outside of the fire department. Defendant testified that he did not take anything from the office that did not belong to him.

During the instructions conference, defendant sought to submit an instruction on the offense of misdemeanor criminal trespass to real property (720 ILCS 5/21--3(a)(1) (West 2002)). The State did not object initially, and the trial court agreed to so instruct the jury. Later during the instructions conference, the State returned to the proposed instruction for criminal trespass to real property and inquired whether the offense was a lesser-included offense of burglary. The trial court requested the

parties to research the issue. Following the parties' return, the trial court held that, pursuant to People v. Harman, 125 Ill. App. 3d 338 (1984), "as a matter of law, the appellate court in the second district has held that criminal trespass to land is not a lesser[-]included offense of burglary *** because you have the notice issue that would have to be established and prove[d] by the prosecution *** so it's not a lesser included." The trial court thus decided not to instruct the jury on the offense of criminal trespass to real property.

The jury found defendant guilty of burglary and of theft of property exceeding $300 in value. The trial court denied defendant's motion for a new trial, and the case proceeded to sentencing. The trial court sentenced defendant to 15 years' imprisonment for the burglary conviction and a concurrent sentence of 8 years' imprisonment for the theft conviction. Because of defendant's prior convictions, he was sentenced as a Class X offender (see 730 ILCS 5/5--5--3(c)(8) (West 2002)). Defendant's motion to reconsider his sentence was granted in part and denied in part. The trial court reduced defendant's term on the theft conviction to four years' imprisonment. Defendant timely appeals.

Defendant first contends that the trial court committed reversible error when it denied his request to instruct the jury on the offense of criminal trespass to real property. In support of his contention, defendant argues that the trial court erroneously concluded that Harman mandated a finding that the offense of criminal trespass to real property was not a lesser-included offense of burglary. The State responds, first, that defendant has waived the issue by failing to include it in his posttrial motion and, second, that the statute defining the offense of criminal trespass to real property does not apply in this case.

Defendant concedes that trial counsel did not raise this issue in his posttrial motion. Accordingly, defendant has waived review of this issue. See People v. Enoch, 122 Ill. 2d 176, 186

(1988); People v. Sinnott, 226 Ill. App. 3d 923, 933 (1992). Defendant, however, requests this court to consider the issue for plain error. Plain error review is limited to two circumstances: "(1) where the evidence is closely balanced, so as to preclude argument that an innocent person was wrongfully convicted; or (2) where the alleged error is so substantial that it affected the fundamental fairness of the proceeding, and remedying the error is necessary to preserve the integrity of the judicial process." People v. Hall, 194 Ill. 2d 305, 335 (2000). Defendant does not provide any analysis regarding how the evidence was closely balanced in this case; rather defendant requests this court to consider the issue for plain error because fundamental fairness required the jury to have been properly instructed.

Because defendant confined his argument to the second circumstance allowing for plain error review, we will not discuss the first circumstance calling for review based upon the closeness of the evidence. See, e.g., People v. Nielson, 187 Ill. 2d 271, 297-98 (1999) (declining to review claim for plain error because defendant, inter alia, failed to present argument that the evidence was closely balanced). Therefore, we need consider only whether the alleged error was of such magnitude that defendant was denied a fair trial and remedying the error is necessary to preserve the integrity of the judicial process. See Hall, 194 Ill. 2d at 335; see also People v. Ceja, 204 Ill. 2d 332, 357 (2003). For the reasons that follow, we find that the alleged error is not of such magnitude that it denied defendant a fair trial.

"A defendant is entitled to a lesser-included offense instruction only if the evidence at trial is such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him or her of the greater." People v. Medina, 221 Ill. 2d 394, 405 (2006), citing Schmuck v. United States, 489 U.S. 705, 716 n.8, 103 L. Ed. 2d 734, 746 n.8, 109 S. Ct. 1443, 1451 n.8 (1989). Before determining whether defendant was entitled to the instruction, however, we must determine whether

the offense of criminal trespass to real property is a lesser-included offense of burglary. Whether a charged offense encompasses another as a lesser-included offense is a question of law we review de novo. People v. Kolton, 219 Ill. 2d 353, 361 (2006), citing People v. Landwer, 166 Ill. 2d 475, 486 (1995).

"[U]nder the charging instrument approach, an offense may be deemed a lesser-included offense even [if] every element of the lesser offense is not explicitly contained in the indictment, as long as the missing element can be reasonably inferred." Kolton, 219 Ill. 2d at 364. Whether a particular offense is a "lesser included" of another is a determination to be made on a case-by-case basis using the factual description of the charged offense in the indictment. Kolton, 219 Ill. 2d at 367. "A lesser offense will be 'included' in the charged offense if the factual description of the charged offense describes, in a broad way, the conduct necessary for the commission of the lesser offense and any elements not explicitly set forth in the indictment can reasonably be inferred." Kolton, 219 Ill. 2d at 367.

In the present case, therefore, we first decide whether the offense of criminal trespass to real property is a lesser-included offense of burglary as charged in defendant's indictment. Criminal trespass to real property is defined in section 21--3 of the Criminal Code of 1961 (the Criminal Code) (720 ILCS 5/21--3 (West 2002)). As it applies here, criminal trespass to real property is committed if the accused "knowingly and without lawful authority enters or remains within or on a building." 720 ILCS 5/21--3(a)(1) (West 2002). Defendant's indictment alleged that he "knowingly and without authority entered a building belonging to the City of Aurora, with the intent to commit therein a theft." The language of the indictment for burglary plainly and clearly contains the main outline or broad foundation of the offense of criminal trespass to real property under subsection (a)(1).

Therefore, we conclude that the offense of criminal trespass to real property under subsection (a)(1) is a lesser-included offense of burglary as alleged in defendant's indictment.

We are unpersuaded by the State's response that subsection (a)(1) does not apply here because defendant was in a building open to the public during its normal business hours. After setting out the four means by which an individual commits criminal trespass to real property, section 21--3(a) provides that, "[f]or purposes of item (1) of this subsection, this Section shall not apply to being in a building which is open to the public while the building is open to the public during its normal hours of operation; nor shall this Section apply to a person who enters a public building under the reasonable belief that the building is still open to the public." 720 ILCS 5/21--3(a) (West 2002). Here, the State did not charge defendant with committing a criminal offense in a building open to the public; rather, the State maintained that the situs of the offense was a private area of a public building. The State elicited evidence reflecting that only a portion of the office was accessible to the public, and the remainder of the office, separated by a door, was limited to employees. The State further elicited evidence reflecting that defendant was observed in the nonpublic portion of the office reserved for employees and that no one had given defendant permission to be there.

The City of Aurora has a right to protect its property. The government, "no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated." Adderley v. Florida, 385 U.S. 39, 47, 17 L. Ed. 2d 149, 156, 87 S. Ct. 242, 247 (1966). The government need not permit the citizens to have unlimited access to all areas of its property. See Adderley, 385 U.S. at 47, 17 L. Ed. 2d at 156, 87 S. Ct. at 247. In the present case, the City's building was open to the public; however, the area that defendant was accused of entering and remaining in was not the public reception area but a private area reserved for employees.

Because the limiting language of section 21--3(a) is not applicable here, the State's response lacks merit.

Here, the trial court found that, as a matter of law, pursuant to this court's holding in Harman, criminal trespass to real property was not a lesser-included offense of burglary, because of the "notice issue." However, the Harman reviewing court considered the offense of criminal trespass to land, under the version of section 21--3(a) in effect in 1983. In 1983, criminal trespass to land was committed if the accused entered upon the land or any part thereof of another, after receiving, immediately prior to such entry, notice from the owner or occupant that such entry was forbidden, or remained upon the land of another after receiving notice from the owner or occupant to depart. Ill. Rev. Stat. 1981, ch. 38, par. 21--3(a); see also Harman, 125 Ill. App. 3d at 343. The present offense of criminal trespass to real property differs from the version the Harman court considered in that the prior version required notice, whereas the current offense of criminal trespass to real property under subsection (a)(1) does not require such notice. The current offense requires proof only that the accused "knowingly and without lawful authority enters or remains within or on a building." 720 ILCS 5/21--3(a)(1) (West 2002). An amendment to a statute is presumed to be intended to effect a change in the law as it formerly existed. People ex rel. Gibson v. Cannon, 65 Ill. 2d 366, 373 (1976). The implication of the legislature's decision to modify the notice requirement is that prior notice is not necessary to establish the present offense of criminal trespass to real property under subsection (a)(1). To the extent that the current and former versions of the statute differ in the aspect of notice, Harman does not control our analysis, and we decline to follow it here. Accordingly, the trial court erred when it found that, as a matter of law, pursuant to Harman, criminal trespass to real property was not a lesser-included offense of burglary, because of the "notice issue."

As noted, though, our analysis of whether the trial court erred when it refused to instruct the jury on criminal trespass to real property does not end with the determination that the offense of criminal trespass to real property under subsection (a)(1) is a lesser-included offense of burglary. See People v. Novak, 163 Ill. 2d 93, 108 (1994) (merely identifying a lesser-included offense does not automatically give rise to a correlative right to have the jury instructed on the lesser offense). Rather, for defendant to be entitled to a jury instruction on criminal trespass to real property, an " 'independent prerequisite' " must be met (see Novak, 163 Ill. 2d at 108, quoting Schmuck, 489 U.S. at 716 n.8, 103 L. Ed. 2d at 746 n.8, 109 S. Ct. at 1451 n.8), which involves an examination of the evidence presented at trial. We thus consider whether a jury could rationally find defendant guilty of criminal trespass to real property, yet acquit him of burglary. See Novak, 163 Ill. 2d at 108, citing Keeble v. United States, 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847, 93 S. Ct. 1993, 1995 (1973); see also Medina, 221 Ill. 2d at 405. In so doing, we are reminded that defendant makes no claim that the evidence was closely balanced.

The State's evidence established that the witnesses observed defendant in their work area and in their restroom, which were nonpublic areas. Defendant was asked to leave the building, and he did. Witnesses observed defendant a second time, leaving the building and holding a "dark colored plastic trash liner," which "had some volume to it." After office workers noticed an employee's wallet on a counter area, police were called to investigate a possible theft. Defendant was apprehended approximately 1½ blocks from the office, and a trash bag containing cameras and batteries belonging to the City of Aurora was found approximately 40 to 50 feet from him. From this evidence, a rational jury could have found that the "dark colored plastic trash liner" which "had some volume to it" that

defendant left the building with was the bag containing the City's property that was found in the vicinity where defendant was apprehended.

We further note that the jury specifically found defendant guilty of theft. Because the jury specifically found that a theft occurred, it is untenable that merely a trespass occurred. Moreover, it is unreasonable to presume that defendant did not intend to commit a theft when he entered the nonpublic areas of the office, because a theft was actually committed. "[I]ntent may be inferred by surrounding circumstances and may be proved by circumstantial evidence." People v. Taylor, 344 Ill. App. 3d 929, 936 (2003). The State's evidence established that the items taken from the office were in the nonpublic work areas and not in the restroom. From this evidence, a rational jury could have found that defendant intended to take the City's property and not merely use the restroom. When defendant returned to the office before he was seen leaving with a bag later discovered to contain the City's property, defendant had possessed the necessary "intent to commit therein a theft." See, e.g., Medina, 221 Ill. 2d at 410. Having found defendant guilty of theft, the jury could not have found defendant guilty only of criminal trespass to real property, yet have acquitted him of burglary, for it would have had to find that defendant entered the nonpublic area without the intent to commit a theft. In this case, the evidence established that this was not a spur-of-the-moment opportunity. The items taken were not so readily accessible to allow the inference that the intent to commit the theft arose after defendant left the restroom and had entered the nonpublic area. See, e.g., People v. Vallero, 61 Ill. App. 3d 413, 415 (1978) (stating that a burglary conviction could not stand where the intent to steal arose after the entry).

Because a jury could not rationally find defendant guilty of criminal trespass and acquit him of burglary, defendant was not entitled to the lesser-included offense instruction. See Medina, 221

Ill. 2d at 405, citing Schmuck, 489 U.S. at 716 n.8, 103 L. Ed. 2d at 746 n.8, 109 S. Ct. at 1451 n.8. Because defendant was not entitled to the lesser-included offense instruction, the trial court did not err when it refused to so instruct the jury. Because there was no error, there can be no plain error. See People v. Johnson, 218 Ill. 2d 125, 139 (2005) (stating that "there can be no plain error if there is no error"). Therefore, defendant was not denied a fair trial and reversal is not warranted because of the trial court's refusal to instruct the jury on the lesser-included offense of criminal trespass to real property. See Medina, 221 Ill. 2d at 405, 411; Ceja, 204 Ill. 2d at 357; Hall, 194 Ill. 2d at 335.

Defendant next contends that his conviction of and sentence for theft must be vacated because theft is a lesser-included offense of burglary. Defendant argues that both convictions stemmed from the September 10, 2003, incident and that the charged burglary offense was predicated upon defendant allegedly having an intent to commit a theft when he entered the building. In support of his contention, defendant cites People v. Bussan, 306 Ill. App. 3d 836, 840 (1999), where this court held that theft was a lesser-included offense of burglary. Defendant acknowledges that this issue was not raised in a posttrial motion; however, defendant asserts that the issue is reviewable under the plain error rule because a violation of the one-act, one-crime rule affects the integrity of the judicial process. See People v. Lee, 213 Ill. 2d 218, 226 (2004). The State acknowledges that Bussan "appears to be persuasive on this issue," but argues that Bussan was "wrongly decided."

We agree with defendant that we may review his claim. See Lee, 213 Ill. 2d at 226, citing People v. Harvey, 211 Ill. 2d 368, 389 (2004) (one-act, one-crime violation affects the integrity of the judicial process and, therefore, satisfies the plain error rule). We therefore will address whether theft is a lesser-included offense of burglary in determining whether defendant's conviction of and sentence for theft should be vacated.

In Bussan, this court addressed whether theft was a lesser-included offense of burglary. The State alleged in the burglary indictment that the defendant, " 'without authority, knowingly entered a building *** with the intent to commit therein a theft.' " Bussan, 306 Ill. App. 3d at 838. In the theft indictment, the State alleged that the defendant " 'knowingly exerted unauthorized control over property *** having a total value in excess of $300.00, intending to deprive Video Villa permanently of the use of the property.' " Bussan, 306 Ill. App. 3d at 838. The trial court found the defendant guilty and imposed concurrent prison terms of 6 years for burglary and 364 days for theft. Bussan, 306 Ill. App. 3d at 838. On review, this court applied the charging instrument approach and held that theft was a lesser-included offense of burglary because the burglary indictment set out a " 'main outline' " for the theft charge. Bussan, 306 Ill. App. 3d at 839, quoting People v. Hamilton, 179 Ill. 2d 319, 326 (1997). Thus, because theft was deemed to be a lesser-included offense of burglary, this court vacated the defendant's theft conviction and sentence. Bussan, 306 Ill. App. 3d at 840. Contrary to the State's assertions, our decision in Bussan is well reasoned and grounded in authority. We therefore decline the State's suggestion that Bussan was wrongly decided.

Under the principles articulated earlier in Kolton and here in Bussan, defendant's theft in the instant case is a lesser-included offense of his burglary. The theft indictment alleged that defendant "knowingly exerted or obtained unauthorized control over property of the City of Aurora, being batteries and cameras, having a total value exceeding $300.00 but not exceeding $10,000.00, intending to deprive the owner permanently of the use or benefit of the property." See 720 ILCS 5/16--1(a) (West 2002). The burglary indictment alleged that defendant "knowingly and without authority entered a building belonging to the City of Aurora, with the intent to commit therein a theft." See 720 ILCS 5/19--1(a) (West 2002).

Similar to <u>Bussan</u>, because the burglary indictment here contained an allegation that defendant entered the City's building intending to commit a theft, that allegation necessarily implied that the defendant intended to obtain or exert unauthorized control over property of the City. See <u>Bussan</u>, 306 Ill. App. 3d at 839; see also <u>Hamilton</u>, 179 Ill. 2d at 325-27 (an indictment alleging residential burglary based on intent to commit theft implicitly alleged the elements of theft). Accordingly, the statutory elements of theft were implicitly contained in the burglary indictment, which fact renders the theft a lesser-included offense. See <u>Bussan</u>, 306 Ill. App. 3d at 840 (theft is a lesser-included offense of burglary based on intent to commit theft). Accordingly, defendant's conviction of and sentence for theft must be vacated.

Our resolution of this issue obviates the need to address defendant's third contention that the State failed to prove that the value of the goods involved in the theft exceeded $300.

For the foregoing reasons, we affirm defendant's conviction of and sentence for burglary, and we vacate defendant's conviction of and sentence for theft.

Affirmed in part and vacated in part.

McLAREN and BOWMAN, JJ., concur.