2026 IL App (1st) 250065-U

Order filed: February 11, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-0065

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 23 CR 11709 |
| DARWIN BOWENS, | ) | Honorable James Bryan Novy, Judge, presiding. |
| Defendant-Appellant. | ) | |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concur in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for burglary is reversed, and this matter is remanded for a new trial, where inconsistent and incorrect jury instructions as to the elements of the offense as charged violated his fundamental right to a fair trial

¶ 2    Defendant-appellant, Darwin Bowens, appeals from his conviction for burglary, arguing that: (1) he was not proven guilty beyond a reasonable doubt, (2) the trial court improperly refused to give non-standard jury instructions for a lesser-included offense, and (3) he was denied a fair trial by the trial court's response to a jury note. For the following reasons, we reverse and remand for a new trial.

¶ 3    On September 28, 2023, a felony complaint was filed against defendant for burglary alleging that on or about September 26, 2023, defendant "without authority, knowingly

entered/remained in a building *** with the intent to commit [therein] a theft." In October 2023, defendant was charged by indictment with a single felony count of burglary, in which it was solely alleged that on or about September 26, 2023, defendant "without authority remained within" a building located in Chicago and owned by Anthony Giannini, with the intent to commit a theft therein. The matter proceeded to a one-day jury trial on November 25, 2024.

¶ 4     Prior to the commencement of the trial, the trial court held a jury instructions conference. At the conference, defense counsel proposed instructions for a lesser-included offense of criminal trespass. One of the instructions included a notice requirement, stating: "A person commits the offense of criminal trespass to real property when he knowingly enters a building other than a residence of another or any part thereof after receiving, prior to such entry, notice from the owner that such entry is forbidden." Illinois Pattern Jury Instructions, Criminal, No. 16.11 (4th ed. 2000). Counsel also requested Illinois Pattern Jury Instructions, Criminal, No. 16.11A (4th ed. 2000)), which defined notice, and Illinois Pattern Jury Instructions, Criminal, No. 16.12 (4th ed. 2000)), which defined the propositions necessary to find a defendant guilty of criminal trespass and included a proposition on notice. The trial court took these proposed instructions under advisement for review following the testimony presented at trial.

¶ 5     At trial, the State presented the testimony of Erika Ociepka, Anthony Giannini, and Chicago police officer Robert Grant. Ociepka testified that around 10:30 p.m. on September 26, 2023, she was outside her house speaking with a neighbor when she heard a loud banging noise from the vacant building "out past the street." A man whom she identified in court as defendant was "hanging out of a window sawing off a large piece of metal." The building was dilapidated. "The windows were broken. It had some missing metal copper."

¶ 6     While her neighbor, Anthony Scalise, called the police, Ociepka recorded a cellphone video of what she saw. The State introduced and published Ociepka's video to the jury.

¶ 7     The police arrived swiftly and searched for a way past the fence surrounding the vacant building. Meanwhile, Ociepka heard sounds of movement inside the building—a shattering noise—and saw defendant run out the back of the building. The officers apprehended defendant, and Ociepka and her neighbor confirmed that defendant was the person whom they saw inside the building.

¶ 8     Ociepka stated on cross-examination that she had seen individuals going in and out of the vacant building. On redirect examination, she clarified that she saw no one other than defendant inside the building on the night in question.

¶ 9     Giannini, a real estate investor who owned the vacant building, testified that the building had no current residents or businesses and was boarded up. A fence surrounded the building, and plywood with security bolts covered the rear doors and some of the windows. The building was designated a city landmark for its historical and architectural significance. "This building was wrapped in copper." Specifically, he testified that "anything that would have been wood was actually clad in copper."

¶ 10    Giannini testified that he allowed no one to enter the building on the night in question. He did not know defendant and had not given him permission to enter the building and remove any copper. The State introduced and published a photograph showing the side of the building and copper cladding on the ground. Giannini recognized the copper cladding that came from the top of the building based on the appearance of its oxidation.

¶ 11    On cross-examination, Giannini explained that while he inspected the vacant building about once a month he could not remember if he did so before the incident at issue. Although the

building was boarded up, there were reports of people going in and out, and some people living in a tent in the backyard.

¶ 12    Officer Grant responded to a report about someone inside a vacant building "stripping items off the building." Upon arriving, he observed a three-story building that appeared to be under construction. He also noticed a "giant" piece of copper on the sidewalk along the building. The prosecution republished the photograph showing the side of the building and copper cladding on the ground.

¶ 13    After a neighbor reported seeing someone inside the vacant building, Officer Grant patrolled the perimeter and heard glass breaking at the front of the building. He asked the neighbor about the ways someone inside could get down from where he heard glass breaking, and then he walked to the rear alley where he saw an individual, whom he identified in court as defendant, coming down from a roof. Officer Grant ordered defendant to stop multiple times, but defendant ignored his commands. Grant gave chase and ultimately apprehended defendant. After the State introduced and published the footage from his body-worn camera to the jury, Grant confirmed that he saw no one other than defendant running from the building.

¶ 14    The State then rested its case. Defense counsel moved for a directed verdict, which was denied by the trial court. The defense rested its case without calling any witnesses or introducing any evidence.

¶ 15    Prior to closing arguments, defense counsel requested non-IPI instructions on criminal trespass to replace the original IPI instructions proposed before trial. The new instructions and propositions, based on *People v. Thomas*, 374 Ill. App. 3d 319 (2007), did not include the notice requirement for the offense of criminal trespass found in the IPI instructions. The State argued that criminal trespass to property was not a lesser-included offense of burglary because it contained a

notice requirement not in the burglary statue, and it should thus not be given. The court concluded that criminal trespass was not a lesser-included offense of burglary in this case. It based its conclusion on its reading of *Thomas* and the State's argument that a lesser-included instruction was not appropriate because the entire offense of criminal trespass, as written in the IPI instruction, was not contained in the burglary offense. The court denied the request for the non-IPI instruction, and the parties delivered closing arguments.

¶ 16 After deliberating for nearly an hour, the jury sent a note out to the trial court which read: "Hung jury, 11-1. Can't make a decision." In response, the court stated to the parties: "My response is going to be simply to keep deliberating." Both defense counsel and the State agreed. Less than 30 minutes later, the jury returned a guilty verdict.

¶ 17 Defense counsel filed a motion for a new trial, raising several issues including the sufficiency of the evidence. One month later, counsel filed an amended motion for a new trial, additionally arguing that the trial court erred in denying and/or not giving the defense's non-IPI lesser-included instructions for criminal trespass, based on *Thomas*, 374 Ill. App. 3d 319 (2007). The State argued that there was no evidence that defendant was "merely" inside the property, and so a rational jury could not find defendant guilty of trespass and not guilty of burglary even if the non-IPI instruction had been given to the jury. The trial court agreed and denied the motion.

¶ 18 Defendant was subsequently sentenced to 6 years' imprisonment. He timely filed a notice of appeal, which was subsequently amended to reflect an accurate judgment date of January 3, 2025.

¶ 19 As noted above, on appeal defendant contends that: (1) he was not proven guilty beyond a reasonable doubt, (2) the trial court improperly refused to give non-standard jury instructions for the lesser-included offense of criminal trespass to property, and (3) he was denied a fair trial by

the trial court's response to the jury note. Before continuing further, we note a discrepancy in the record that is neither recognized nor addressed by the parties on appeal.

¶ 20    Specifically, defendant was charged with burglary, which is defined as follows: "A person commits burglary when without authority he or she knowingly enters or without authority remains within a building *** with intent to commit therein a felony or theft." 720 ILCS 5/19-1(a) (West 2022). While the statute allows for a conviction where a defendant either "enters or without authority remains" within a building, we note again that the indictment returned against the defendant specifically and solely alleged that defendant "without authority remained" within the property at issue here with the intent to commit a theft. There is no indication in the record on appeal that the indictment was ever amended in any way prior to trial.

¶ 21    Nevertheless, the record reflects that the jury was specifically and solely instructed that they must find that defendant "entered" the property with the intent to commit a theft, and the case was tried on that theory. And in a further discrepancy, the lesser-included offense instructions tendered by defendant but denied by the trial court provided defendant could be found guilty of criminal trespass to property if the State proved either that he "entered or remained" in the property. Finally, in the briefs on appeal the parties are inconsistent with respect to whether it is evidence of defendant's entry or remaining in the property that is at issue.

¶ 22    Again, neither party recognizes nor addresses this issue. However, it is evident that this discrepancy significantly complicates our consideration and determination of whether defendant was proven guilty beyond a reasonable doubt of burglary as actually charged, and whether defendant's lesser-included offense instructions were improperly rejected by the trial court. Would we review these issues with respect to defendant's entry of the property, his remaining therein, or both?

¶ 23    Ultimately, though not specifically raised by the parties on appeal, we conclude that this discrepancy in jury instructions warrants a new trial under Illinois Supreme Court Rule 451(c) (eff. Apr. 8, 2013), which provides that, for criminal jury instructions, "substantial defects are not waived by failure to make timely objections thereto if the interests of justice require." Rule 451(c) carves out a limited exception to the general waiver rule to correct "grave errors" and errors in cases "so factually close that fundamental fairness requires that the jury be properly instructed." *People v. Hopp*, 209 Ill. 2d 1, 7 (2004).

¶ 24    It is axiomatic that the State must prove each element of the charged offense beyond a reasonable doubt. *People v. Diaz*, 377 Ill. App. 3d 339, 345 (2007). It is also axiomatic that a "defendant in a criminal prosecution has a fundamental due process right to notice of the charges against him; thus, a defendant may not be convicted of an offense he has not been charged with committing." *People v. Clark*, 2016 IL 118845, ¶ 30.

¶ 25    "The purpose of jury instructions is to provide the jury with the correct legal principles applicable to the evidence, so that the jury may reach a correct conclusion according to the law and the evidence." *People v. Bannister*, 232 Ill. 2d 52, 81 (2008). In Illinois, the burden of preparing jury instructions is primarily on the parties (*People v. Underwood*, 72 Ill. 2d 124, 129 (1978)), and the failure to offer an instruction or an objection to an instruction at trial will usually waive the issue on review (*People v. Huckstead*, 91 Ill. 2d 536, 543 (1982)). However, in a criminal case the trial court is responsible for fully instructing the jury on the elements of the offense, the burden of proof and the presumption of innocence. *People v. Williams*, 181 Ill. 2d 297, 318 (1998).

¶ 26    Fundamental fairness requires the trial court to give proper instructions on the elements of the offense in order to ensure a fair determination of the case. *People v. Williams*, 181 Ill. 2d 297, 318 (1998). Where the instruction error was in a definition essential to the jury's assessment of the

defendant's guilt or innocence *** it is reversible error, and the defendant is entitled to a new trial. *People v. Stromblad*, 74 Ill. 2d 35, 41 (1978).

¶ 27    Here, defendant was charged with burglary specifically in that he "remained within" a building located in Chicago and owned by Giannini, with the intent to commit a theft therein. It was that specified crime that the State had the obligation to prove him guilty of beyond a reasonable doubt. *Clark*, 2016 IL 118845, ¶ 30. The jury was correctly and specifically so instructed where the jury was provided Illinois Pattern Jury Instructions, Criminal, No. 2.02 (4th ed. 2000) ("The charge against the defendant in this case is contained in a document called the indictment. This document is the formal method of charging the defendant and placing the defendant on trial."), and Illinois Pattern Jury Instructions, Criminal, No. 2.03 (4th ed. 2000) ("The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case.").

¶ 28    However, the jury was nevertheless improperly instructed with the definition of burglary and issues instruction for that offense with respect to unauthorized "entry" of a building. See Illinois Pattern Jury Instructions, Criminal, No. 14.07 (4th ed. 2000) (as provided to the jury: "A person commits the offense of Burglary when he, without authority, knowingly enters a building with intent to commit therein the offense of theft."); Illinois Pattern Jury Instructions, Criminal, No. 14.08 (4th ed. 2000) (The first proposition of which, as provided to the jury, requires the State to prove: "That the defendant knowingly entered a building."). The case was then tried before the jury on that theory. As such, the jury was provided with incorrect and inconsistent instructions on a definition essential to the jury's assessment of the defendant's guilt or innocence, and he is entitled to a new trial. *People v. Hartfield*, 2022 IL 126729, ¶ 59 ("two directly conflicting instructions on an essential element, one stating the law correctly and the other erroneously, cannot

be cured *** due to the simple fact that we can never know which instruction the jury was following. What is at issue with this error is the integrity of the judicial system itself.").

¶ 29    Finally, we note that after thoroughly reviewing the evidence, we are convinced that the evidence was sufficient to support a finding that the defendant is guilty of burglary either as charged or as tried beyond a reasonable doubt. Under these circumstances, a retrial of the defendant would not violate double jeopardy principles. *People v. Stafford*, 325 Ill. App. 3d 1069, 1075 (2001). This finding is only for purposes of double jeopardy, and we reach no conclusions as to defendant's guilt that are binding on retrial. *People v. Naylor*, 229 Ill. 2d 584, 610-11 (2008).

¶ 30    For the foregoing reasons, the judgment of the circuit court is reversed, and this matter is remanded for a new trial.

¶ 31    Reversed and remanded.